# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 947 | ) ) ) | |
| Petitioner | ) ) | **No. 19-12745** |
| v. | ) ) ) | Board Case No. |
| NATIONAL LABOR RELATIONS BOARD | ) ) | 12-CA-094114 |
| Respondent | ) ) | |

## CORRECTED, AMENDED UNOPPOSED MOTION FOR LEAVE TO INTERVENE OF MATTHEW C. BROWN, CHARGING PARTY BELOW

### MOTION

Pursuant to Fed. R. App. P. 15(d) and applicable Rules and Internal Operating Procedures of the U.S. Court of Appeals for the Eleventh Circuit, Matthew C. Brown ("Brown" or "Employee"), by and through his undersigned counsel, respectfully moves for leave to intervene and, if necessary to protect his interests or comply with this Court's directives (if any) to be heard separately on any issues briefed by Petitioner Union ("Teamsters" or "Union") or movant intervenor employer Anheuser-Busch Brewing Properties, LLC ("AB" or "Employer").

### MEMORANDUM

Brown respectfully offers the following in support of his corrected, amended unopposed motion to intervene:

1. Brown and the Teamsters appear to share the same or at least similar

interests in seeking a reversal of the Board's split-decision that AB's alternative motion to compel arbitration under its unilaterally-adopted (without notice to or negotiations with the Union) Dispute Resolution Program (DRP) filed in Brown's federal EEO lawsuit did not constitute an unfair labor practice under the National Labor Relations Act.

2. In seeking to intervene, Brown anticipates that he will largely rely on the briefs filed by the Union. However, to the extent that protection of his interests may warrant his being heard independently from the Union or the Court may wish to hear separately from Brown on any issues raised by AB or the Union, out of an abundance of caution he seeks leave to intervene inorder to facilitate being heard in either event.

3. Brown was suspended for 4 weeks and later terminated by AB for alleged incidents of misconduct. He and the Union grieved both disciplinary actions under the grievance procedure set forth in the collective-bargaining contract (CBK) between his Employer and the Union. Brown (who is black) made no claim of race discrimination or retaliation with respect to either CBK grievance. His suspension and termination were eventually sustained by an arbitrator.

4. On April 3, 2012, Brown filed a federal lawsuit claiming that both his suspension and termination were products of racial discrimination and his termination also a product of retaliation.

5. In response to Brown's federal lawsuit, on June 4, 2012, AB filed a motion to compel arbitration, arguing that the CBK grievance procedure obligated Brown to resort to it for resolution of his federal court claims. Alternatively, without notice to Brown at any time during his years of employment with AB or notice to and negotiation with the Union at any time, AB invoked its DRP (and arbitration under it) as allegedly contractually binding on Brown for resolution of his federal court claims. AB's DRP contractual argument was based on the fine-print of Brown's employment application which allegedly provided the makings of a binding contract to resort to the DRP should AB ever hire Brown.

6. AB later conceded that the CBK prong of its motion to compel arbitration was a non-starter. The CBK grievance procedure simply does not constitute a "clear and unmistakable" waiver of judicial forums for the resolution of statutory claims unit employees may have against their . Instead, AB persisted with its alternative argument that the DRP provided the exclusive forum for resolution of Brown's statutory claims, this despite the fact that the DRP *expressly* stated it did *not* apply to union-employees. Protracted litigation over whether AB could compel Brown to resort to its DRP for resolution of his federal court claims ensued.

7. On or about December 3, 2012, Brown filed an ULP charge with Region 12 of the NLRB over AB's persistent efforts to compel his resort to AB's unilaterally-

adopted DRP for resolution of his statutory claims.

8. Aware of the ULP charge filed by Brown, the District Court *sua sponte* ordered the parties to mediation and stayed further proceedings by order of February 13, 2013.

9. On March 29, 2013, the Regional Director, Margaret Diaz, issued a complaint against AB based on the ULP charge filed by Brown. AB in its answer and affirmative defenses to the complaint raised no claim that its federal court motion to compel arbitration was protected by the right to petition under the First Amendment.

10. A trial of the NLRB complaint was held before the Honorable William Nelson Cates on July 11, 2013. In its post-hearing brief dated August 21, 2013, AB similarly made no claim that its attempt to unilaterally apply its DRP to Brown was protected by any First Amendment right to petition. By decision dated September 10, 2013, the ALJ found that AB violated §§ 8(a)(5) and 8(a)(1) of the NLRA by unilaterally applying its DRP to Brown without notice to or affording the Union an opportunity to bargain with respect to it. The ALJ's decision does not address any claimed First Amendment rights to petition. In its exceptions filed and briefed October 24, 2013, AB first raised this constitutional argument but limited to the portion of the recommended order that AB be directed to withdraw its motion to compel arbitration.

11. Following the ALJ's decision, Brown filed an *unopposed* motion to reopen

the closed federal court case. By order of October 9, 2013, the District Court denied the motion without prejudice, explaining that it would keep AB's motion to compel arbitration under advisement pending further developments in the ULP proceedings.

12. On May 22, 2019, the Board in a split decision reversed the ALJ's ruling that AB's unilateral attempt to apply its DRP to Brown violated §§ 8(a)(5) and (1) of the NLRA and dismissed the complaint. The Board's majority concluded that AB's motion to compel was a lawful exercise of its First Amendment right to petition as it did not have an illegal objective. The dissenting Member of the Board disagreed.

13. The Union filed a petition for review of the Board's order in this Court docketed on July 19 and entered on July 23. Upon being advised of the Board's decision the federal District Court on August 12, 2019, ordered the parties to advise it of this Court's decision on the petition for review of the Board's decision. The stay of Brown's federal court case currently remains in effect without a ruling by the District Court on AB's pending motion to compel arbitration under its DRP.

14. Brown has a material interest in the outcome of this proceeding. Reversal of the Board's decision by a ruling of this Court that precludes AB from seeking to enforce unilaterally its DRP against a bargaining-unit employee would eliminate the District Court's need to address and resolve Florida contract and gateway issues. As the Board's majority noted in n. 8 of its decision, it expressed no views regarding those

issues. In addition, without a ruling by this Court the District Court would need to revisit and address those matters noted by dissenting Board Member McFerran before possibly enforcing the alleged "agreement" between Brown and AB.

15. Counsel for the NLRB, Employer, and as of today, the Union have all graciously advised that they have no objection to Brown's intervention and participation in this proceeding as may be warranted by Brown's interests or as directed by this Court.

16. The purpose of this "corrected and amended" motion is now two-fold: First, to correct an event designation mistake made when the motion was originally filed late on the evening of August 19, 2019. It was filed then as part of a two-document filing under the other document's event designation "certificate of interested persons." Counsel apologizes for this misstep. Second, the overnight delay in re-filing caused by counsel's designation mistake is not without redeeming value. Counsel for the Teamsters this morning communicated that they have no objection to this motion, thus making it now fully unopposed.

For all the foregoing reasons and circumstances, Brown respectfully requests that this Court grant his unopposed motion for leave to intervene and as may be warranted to protect his interests or comply with this Court's directives (if any) to be heard separately on any issues briefed by the Union or AB.

Respectfully submitted for re-e-filing this 20th day of August, 2019.

/s/ J. H. Klink
Jeffrey H. Klink
FBN: 151657
Jeffrey H. Klink, P.A.
8916 South Mobley RD
Tampa, FL 33626-1509
EMAIL: jhklink@gmail.com
TEL: 813.792.9076
Counsel for Movant Intervenor Brown

## **CERTIFICATE OF COMPLIANCE**

I CERTIFY that this motion and supporting memorandum comply with the format and typeface requirements of the applicable rules of this Court and Fed. R. App. P. It is doubled-spaced with one-inch margins. It is far under the 20-page and 5,200 word maximums. The typeface is proportionally spaced using Word Perfect in 14 point font and Times New Roman type style.

## **CERTIFICATE OF SERVICE**

I ALSO CERTIFY that this motion and supporting memorandum was submitted for re-e-filing this 20th day of August, 2019, through the appellate CM/ECF system and that all parties will be served by this system by notification to their counsel automatically after e-filing of this document.

/s/ J. H. Klink
Jeffrey H. Klink
FBN: 151657
Jeffrey H. Klink, P.A.

8916 South Mobley RD
Tampa, FL 33626-1509
EMAIL: jhklink@gmail.com
TEL: 813.792.9076
Counsel for Movant Intervenor Brown