Case No. 19-12745-GG

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 947,

*Petitioner,*

v.

NATIONAL LABOR RELATIONS BOARD,

*Respondent.*

---

Petition for Review of a Decision of the
National Labor Relations Board

---

# PETITIONER'S BRIEF

---

Tobe M. Lev, Esq.
FL Bar No. 0226475
EGAN, LEV, LINDSTROM
& SIWICA, P.A
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
E-mail: tlev@eganlev.com

## PETITIONER'S CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Petitioner, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 947, through undersigned counsel, pursuant to 11th Cir. R. 26.1-1(a), discloses the following persons Petitioner believes to have an interest in the outcome of this appeal:

1.  Altria Group, Inc. (NYSE: MO) (Shareholder in Anheuser-Busch InBev S.A./N.V.)

2.  Anheuser-Busch, LLC (Parent of Anheuser-Busch Brewing Properties, LLC)

3.  Anheuser-Busch Brewing Properties, LLC (Employer of Charging Party)

4.  Anheuser-Busch InBev S.A./N.V. (NYSE: BUD and OTC: BUDFF) (Parent of Anheuser-Busch, LLC)

5.  Brown, Matthew (Charging Party)

6.  The Honorable William Nelson Cates (Administrative Law Judge)

7.  Cohen, David (Regional Director, National Labor Relations Board ("NLRB"), Region 12)

8.  Egan, Joseph (Attorney for Union)

9.  Emanuel, William (Member, NLRB)

10. Habenstreit, David (Attorney for NLRB Appellate Branch)

11. International Brotherhood of Teamsters, Local 947 ("Local 947")

12. International Brotherhood of Teamsters, Brewery, and Soft Drink Workers Conference ("Union")

i

13. Klink, Jeffrey (Attorney for Charging Party)

14. Lev, Tobe (Attorney for Union)

15. Maldonado, Marinelly (Attorney for NLRB in Board proceedings)

16. Margulies, Richard N.  (Attorney for Employer in Brown's federal suit)

17. McFerran, Lauren (Member, NLRB)

18. Ring, John (Chair, NLRB)

19. Robb, Peter (General Counsel for NLRB)

20. Schudroff, Daniel D. (Attorney for Anheuser-Busch, LLC)

21. Siwica, Richard (Attorney for Union)

22. Smith, Thomas Royall (Attorney for Employer in Board proceedings)

23. Spitz, Jonathan J. (Attorney for Anheuser-Busch, LLC)

24. Vol, Kira Dellinger (Attorney for NLRB Appellate Branch)

25. Weitz, Eric (Attorney for NLRB Appellate Branch)

26. White, Tyler (Attorney for Employer in Brown's federal suit)

27. Wolfmeyer, Nicholas (Attorney for Union)

Respectfully submitted by:

*/s/ Tobe Lev*
Tobe Lev, Esq.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

This is a petition for review of the National Labor Relations Board's decision to overturn, on Constitutional grounds, a nearly six-year old determination by the Administrative Law Judge that the Employer committed an unfair labor practice under the National Labor Relations Act. As such, the Petitioner respectfully requests that oral argument be permitted.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ......................................................... i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ..................................................................................... iv, v

TABLE OF CITATIONS ......................................................................... vi, vii, vii

STATEMENT OF JURISDICTION .......................................................................... 1

STATEMENT OF THE ISSUES .............................................................................. 2

STATEMENT OF THE CASE .................................................................................. 2

    i.    COURSE OF PROCEEDINGS AND DISTRICT COURT
        DISPOSITIONS .................................................................................. 2

    ii.    STATEMENT OF THE FACTS .................................................................. 4

    iii.    STANDARD OF REVIEW ........................................................................ 7

SUMMARY OF THE ARGUMENT ......................................................................... 9

ARGUMENT AND CITATIONS OF AUTHORITY ............................................ 10

    I.    THE EMPLOYER VIOLATED THE NATIONAL LABOR
        RELATIONS ACT BY APPLYING ITS DRP TO A
        BARGAINING UNIT EMPLOYEE ....................................................... 13

    II.    THE PETITION CLAUSE DOES NOT IMMUNIZE THE
        EMPLOYER'S OTHERWISE UNLAWFUL ACTIONS ..................... 13

        A. THE EMPLOYER HAD AN ILLEGAL OBJECTIVE,
           WHICH IS UNPROTECTED BY THE PETITION
           CLAUSE UNDER SUPREME COURT PRECEDENT. .................. 13

iv

B. THE EMPLOYER'S ACTIONS WERE BASELESS AND
UNPROTECTED BY THE PETITION CLAUSE ............................ 17

III.    THE BOARD'S FAILURE TO ADEQUATELY EXPLAIN
ITS DEPARTURE FROM PAST PRECEDENT IS NOT
REASONED DECISION MAKING ........................................................ 19

CONCLUSION ....................................................................................................21

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,

TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ......... 22

CERTIFICATE OF SERVICE ............................................................................. 22

## TABLE OF CITATIONS

*Allentown Mack Sales and Serv., Inc. v. NLRB,*
    *522 U.S. 359, 374 (1998)*.................................................................. 8

*Anheuser-Busch, LLC, 2019 NLRB LEXIS 306,*
    *\*44-45 (N.L.R.B. May 22, 2019)* ........................................... 17, 18

*BE&K Constr. Co. v. NLRB, 536 U.S. 516 (2002)*................................. 14

*Bill Johnson's Rests. v. NLRB, 461 U.S. 731 (1983)* ...................................... passim

*Chemical Workers Local I v. Pittsburgh Plate Glass Co.,*
    *404 U.S. 157, 159 (1981)*............................................................... 11

*CPS Security (USA), Inc., 363 NLRB No. 86,*
    *slip op. at 1 n. 2 (2015)*................................................................. 19

*Cypress Lawn Cemetery Assn.,*
    *300 NLRB 609, 628 (1990)*..................................................... 12, 19

*Elevator Constructors (Long Elevator), 289 NLRB 1095,*
    *1095 (1988), enfd. 902 F.2d 1297 (8th Cir. 1990)*....................... 19

*Fall River Dyeing & Finishing Corp. v. NLRB,*
    *482 U.S. 27, 42 (1987)*................................................................... 8

*Florida Steel Corp. v. NLRB,*
    *587 F.2d 735,745 (5th Cir. 1979)*.................................................. 7

*Healthcare Emples. Union, Loc. 399 v. NLRB,*
    *463 F.3d 909 (9th Cir. 2006)*.......................................................... 8

*IBEW, Loc. Union No. 474 v. NLRB,*
    *814 F.2d 697, 708 (D.C. Cir. 1987)*............................................... 8

*Little Rock Crate & Basket Co.,*
    *227 NLRB 1406 (1977)*................................................................ 12

*Mercedes-Benz U.S. Int'l, Inc. v. Int'l Union, UAW,*
    *838 F.3d 1128, 1134 (11th Cir. 2016)*............................................................. 7

*Milum Textile Servs. Co., 357 NLRB 2047, 2076 (2011)* ....................................... 19

*NLRB v. Borg-Warner Corp., 356 U.S. 342, 349 (1958)* ....................................... 10

*NLRB v. Erie Resistor Corp., 373 U.S. 221, 236, (1963)* ........................................ 8

*NLRB v. Hearst Publications, Inc., 322 U.S. 111, 130 (1944)* .............................. 13

*NLRB v. Gimrock Constr., Inc.,*
    *247 F.3d 1307, 1309-10 (11th Cir. 2001)* ...................................................... 8

*NLRB v. Katz, 369 U.S. 736 (1962)* ...................................................................... 10

*NLRB v. Town & Country Electric, Inc.,*
    *516 U.S. 85 (1995)* ......................................................................................... 12

*Ona Corp. v. NLRB, 729 F.2d 713, 719 (11th Cir. 1984)* ........................................ 8

*Phelps Dodge Corp. v. NLRB, 313 U.S. 177 (1941)* .............................................. 12

*Prill v. NLRB, 755 F.2d 941, 947 (D.C. Cir.),*
    *cert. denied, 474 U.S. 948 (1985)* ................................................................... 8

*Regional Construction Corp., 333 NLRB 313, 320 (2001)* .................................... 20

*Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 891 (1984)* ............................................... 13

*Taino Paper Company, Inc., 290 NLRB 975, 977(1988)* ....................................... 11

*United Nurses Ass'ns of Cal./Union of Health Care Professionals,*
    *NUHHCE, AFSCME v. NLRB,*
    *871 F.3d 767, 787 (9th Cir. 2017)* .................................................................. 16

*Utility Vault Co., 345 NLRB 79 fn. 2 (2005)* ......................................................... 10

*Venetian Casino Resort, L.L.C. v. NLRB,*
    *793 F.3d 85, 89 (DC. Cir. 2015)* ...................................................................... 7

vii

**OTHER AUTHORITIES**

29 U.S.C. §§ 160(a), (c) ............................................................................... 1

29 U.S.C. § 160(f) ......................................................................................... 1

29 U.S.C. § 152(3) ......................................................................................... 5

29 U.S.C. § 152(5) ......................................................................................... 4

## STATEMENT OF JURISDICTION

This matter is before the Court of Appeals on a Petition for Review of an Order of the National Labor Relations Board ("Board") dismissing the determination an Administrative Law Judge ("ALJ") that Anheuser-Busch, LLC ("Employer") violated Sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act ("Act") by unilaterally applying its mandatory arbitration policy to Matthew C. Brown, a bargaining unit employee, without notice to or affording the International Brotherhood of Teamsters, Local 947 ("Petitioner" or "Union") an opportunity to bargain. The decision by the Board was issued May 22, 2019, and published as Anheuser-Busch, 367 N.L.R.B. No. 132 (the "Board's Order").

The Board had jurisdiction over the underlying unfair practice proceeding under Sections 10(a) and (c) of the Act, 29 U.S.C. §§ 160(a), (c). This Court has jurisdiction over the Petition filed by the Union under Section 10(f) of the Act, which provides that "[a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States courts of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in ...." 29 U.S.C. § 160(f). The Union is aggrieved because the Board dismissed the ALJ's finding of an unfair labor practice committed by the Employer when it applied its mandatory arbitration policy to a

1

bargaining unit employee without notice to the Union or the affording the Union an opportunity to bargain over the policy.

The Petition for Review was filed on July 19, 2019. The filing is timely because the Act places no time limit on the filing of a Petition for Review of the Board's Order. The Board's Order disposed of all claims and is final.

## STATEMENT OF THE ISSUES

1.    Whether the Board incorrectly applied *Bill Johnson's* illegal objective standard when overturning the ALJ decision and dismissing the complaint.

2.    Whether the Board erred in ruling the Petition Clause immunized an unfair labor practice.

3.    Whether the Board departed from prior standards and precedents without reasoned decision-making.

## STATEMENT OF THE CASE

**(i)    Course of Proceedings**

On April 3, 2012, Charging Party Matthew C. Brown ("Brown") filed a civil rights lawsuit against Anheuser-Busch Companies, LLC ("Anheuser-Busch" or "Employer") alleging racial discrimination and retaliation for filing a charge with the Equal Employment Opportunity Commission ("EEOC"). On June 4, 2012, the Employer filed a Motion to Dismiss or Stay and Compel Arbitration ("Motion to

2

Compel"). In its Motion to Compel, the Employer asserted that Brown assented to the Employer's Dispute Resolution Policy ("DRP") when he signed his employment application which contained the DRP. The DRP expressly stated that it applied to "all salaried and non-union hourly employees." The Employer filed the Motion to Compel despite the fact that Brown was a member of the bargaining unit represented by the International Brotherhood of Teamsters, Local 947 ("Petitioner" or "Union"), for the duration of his employment.

On December 3, 2012, Brown filed an unfair labor practice charge with the National Labor Relations Board ("Board" or "NLRB") alleging that Anheuser-Busch violated Sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act ("NLRA" or "Act") by applying the DRP to him without prior notice to the Union and without affording the Union an opportunity to bargain over the DRP. On March 29, 2013, Region 12 of the NLRB issued a Complaint. An evidentiary hearing took place before an Administrative Law Judge ("ALJ") on July 11, 2013. Both parties filed post-hearing briefs. The ALJ issued a decision ("ALJD") on September 10, 2013 finding that the Employer violated both Sections 8(a)(5) and 8(a)(1) of the Act by applying the DRP to Brown while he was an employee without prior notice to the Union and without affording the Union an opportunity to bargain over the DRP. The ALJ issued recommended remedies, one of which recommended Anheuser-Busch to cease and desist from requesting the district court in Brown's civil rights lawsuit

to have the matter decided through the Employer's DRP, as well as another recommended remedy that the Employer take the affirmative action of withdrawing the portion of its defense in Brown's lawsuit that requested the district court to have the matter decided pursuant to the DRP.

Both parties filed exceptions to the ALJD with supporting briefs. In the Employer's exceptions, it argued for the first time that part of the ALJ's remedy was unconstitutional. The district court issued an order on October 13, 2015 effectively staying  Brown's lawsuit pending a final determination by the Board.

The Board issued a decision on May 22, 2019,  nearly six and half years after Brown filed the unfair labor practice charge.

In its two-to-one decision, the Board reversed the ALJ's determination that the Employer violated Sections 8(a)(5) and 8(a)(1) of the Act.   The Board determined that the Employer's Motion to Compel was protected by the Petition Clause of the First Amendment and did not meet any exception the Supreme Court carved out in *Bill Johnson's Restaurant's*. *Bill Johnson's Restaurant's. v. NLRB*, 461 U.S. 731 (1983).

**(ii)    Statement of the Facts**

The International Brotherhood of Teamsters, Local 947, is a labor union as defined by Section 152(5) of the Act and 29 U.S.C. Section 152(5). The Union represented bargaining unit employees at the Employer's Jacksonville, Florida

4

brewery.  Brown was a member of the bargaining unit and an employee within the meaning of Section 2(3) of the Act, 29 U.S.C. Section 152(3).  Anheuser-Busch Companies, LLC was a party to series of collective bargaining agreements with the Union.

On June 16, 2004, Brown applied to the Employer to be a weekend worker at the Employer's brewery in Jacksonville, Florida. (St. at 8).  Part of the application form subjects hired employees a Dispute Resolution Policy ("DRP") which requires those employees "to submit all covered claims" (including employment discrimination claims) to an arbitrator for final and binding arbitration. The DRP states that it applies "to all salaried and non-union hourly employees."

Brown was hired by the Employer and began working as a weekend worker on September 25, 2004.  On May 20, 2005, Brown switched positions to become an Apprentice I.  Both positions were in the Union's bargaining unit and covered by a collective bargaining agreement ("CBA"). On September 23, 2009, the Employer suspended Brown for four weeks. On September 25, the Union filed a grievance challenging the suspension pursuant to the CBA.  On December 7, 2009, Brown filed a separate charge with the Florida Commission on Human Relations ("FCHR") alleging racial discrimination.  On December 9, 2009, a Multi-Plant Grievance Committee denied the grievance and upheld the suspension pursuant to the grievance procedure in the CBA.

5

On March 11, 2010, the Employer discharged Brown.  On March 22, 2010, the Union grieved Brown's discharge pursuant to the CBA.  Brown then filed a separate retaliation charge with the FCHR on March 30, 2010.  On May 3, 2010, the Multi-Plant Grievance Committee again denied the Union's grievance, and Brown was terminated. On April 3, 2012, Brown filed a complaint against the Employer in the United States District Court for the Middle District of Florida filed a lawsuit alleging racial discrimination and retaliation.

The Employer responded to Brown's lawsuit by filing a Motion to Dismiss or Stay and Compel Arbitration ("Motion to Compel").  In doing so, the Employer asserted that pursuant to the DRP and his job application, Brown "personally agreed" to arbitrate his claims.

Brown then filed an unfair labor practice charge with the NLRB alleging that the Employer was violating Sections 8(a)(5) and 8(a)(1) of the Act by unilaterally changing the terms and conditions of his employment without bargaining with the Union or providing a notice to bargain with the Union.  Region 12 of the NLRB found merit to Brown's charge and issued a Complaint.  The Union joined the proceeding as a Party of Interest.  The ALJ agreed with the General Counsel and the Union and issued a decision finding the Employer in violation of both Sections 8(a)(5) and 8(a)(1) of the Act for applying the DRP to Brown without bargaining with the Union, rejecting the Employer's main defense that Brown was no longer an

employee under the Act. The ALJ recommended standard Board remedies along with a cease and desist order effectively preventing the Employer from arguing in the district court that Brown must arbitrate his claims pursuant to the DRP. The ALJ also recommended that the Employer take the affirmative action of withdrawing the portion of its defense to Brown's lawsuit that would require Brown to arbitrate his claims pursuant to the DRP.

Almost six years later, the Board issued a final order. In the two-to-one ruling, the Board dismissed the complaint in its entirety stating that because the Motion to Compel did not have an illegal objective as stated in *Bill Johnson's Restaurants*, the Employer's Motion to Compel was protected by the Petition Clause in the First Amendment. *Bill Johnson's Restaurant's. v. NLRB*, 461 U.S. 731 (1983).The Union, an aggrieved party, then filed this Petition for Review.

**(iii) Standard of Review**

The Court will review the Board's resolution of constitutional questions de novo. *Venetian Casino Resort, L.L.C. v. NLRB*, 793 F.3d 85, 89 (DC. Cir. 2015). The Court reviews de novo the Board's legal conclusions and reviews for substantial evidence the Board's findings of fact. *Mercedes-Benz U.S. Int'l, Inc. v. Int'l Union*, UAW, 838 F.3d 1128, 1134 (11th Cir. 2016).

"Substantial evidence is more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Florida Steel*

*Corp. v. NLRB,* 587 F.2d 735, 745 (5th Cir. 1979) (citations and internal quotation marks omitted). The Court will defer to the requirements imposed by the Board if they are "rational and consistent with the Act," *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 42 (1987), and if the Board's "explication is not inadequate, irrational or arbitrary," *NLRB v. Erie Resistor Corp.*, 373 U.S. 221, 236, (1963).

This standard encompasses the requirement that the Board engaged in reasoned decision-making. *See Allentown Mack Sales and Serv., Inc. v. NLRB,* 522 U.S. 359, 374 (1998). The Court will "examine carefully both the Board's findings and its reasoning, to assure that the Board has considered the factors which are relevant" to its decision. *Ona Corp. v. NLRB*, 729 F.2d 713, 719 (11th Cir. 1984). While the Court will defer to the Board's rational constructions of the Act, such deference does not extend to unexplained deviations from prior Board precedent. *NLRB v. Gimrock Constr., Inc.*, 247 F.3d 1307, 1309-10 (11th Cir. 2001) (internal citations omitted).

Where the Board's decision rests on a fundamental misinterpretation of a law or it fails to explain its departure from prior precedent, remand is appropriate. See e.g. *Prill v. NLRB*, 755 F.2d 941, 947 (D.C. Cir.), cert. denied, 474 U.S. 948 (1985); *IBEW, Loc. Union No. 474 v. NLRB*, 814 F.2d 697, 708 (D.C. Cir. 1987*); Healthcare Emples. Union, Loc. 399 v. NLRB*, 463 F.3d 909 (9th Cir. 2006).

8

## SUMMARY OF THE ARGUMENT

The facts of this case are largely undisputed. The Employer attempted to apply a mandatory arbitration policy to Brown despite the fact that the policy was contrary to the CBA, was a mandatory subject of bargaining, and it failed to bargain over the policy with the Union. In doing so, the Employer sought to implement a unilateral change to the CBA without bargaining with the Union. That is a straightforward violation of Sections 8(a)(5) and 8(a)(1) of the Act.

The Employer's defenses was centered on the fact that it no longer considered Brown an employee under the Act. However, the Supreme Court has always upheld the Board's broad definition that includes former employees and applicants as the ALJD rightly pointed out. The Board thought it was immaterial to this case.

The Employer did not mention the United States Constitution, the First Amendment, the Petition Clause or make any other related argument in its post-hearing brief to the ALJ. Instead, it first raised the issue in its exceptions to the recommended remedy. Nevertheless, the Board took those exceptions to the ALJD and dismissed the entire Complaint.

The fact that the Employer attempted to achieve the unilateral change via a Motion to Compel in federal court does not change the fact that it violated Sections 8(a)(5) and 8(a)(1) of the Act. Supreme Court precedent recognizes the Board's ability to enjoin an unlawful action when it is either (1) preempted by federal law;

9

(2) baseless and retaliatory; or (3) has an illegal objective. Here, the Employer had an illegal objective by applying the mandatory arbitration policy to a bargaining unit member without bargaining with the Union.

The Board, in its two-to-one decision, attempted to distinguish this case by stating that in order to constitute an illegal objective, the policy must have been facially unlawful and have a separate underlying act. This is the first time the Board has required either of those things to be true. To do so now, without adequate explanation, does not constitute reasoned decision-making.

## ARGUMENT AND CITATIONS OF AUTHORITY

### I.    The Employer Violated the National Labor Relations Act by Applying its DRP to a Bargaining Unit Employee

Sections 8(a)(5) and (d) of the National Labor Relations Act ("NLRA or the "Act") require an employer to bargain in good faith with the collective-bargaining representative of unit employees with respect to wages, hours, and other terms and conditions of employment. *NLRB v. Borg-Warner Corp.*, 356 U.S. 342, 349 (1958). An employer violates those sections when it makes changes during the course of a collective-bargaining relationship on matters that are mandatory subjects of bargaining. *NLRB v. Katz*, 369 U.S. 736 (1962). In *Utility Vault Co.*, 345 NLRB 79 fn. 2 (2005), the Board held a dispute resolution process is a mandatory subject of bargaining and implementation of such a process that requires employees to arbitrate

10

claims involving their terms and conditions of employment constitutes an unfair labor practice.

It is a prima facie violation of Section 8(a)(5) of the Act if the General Counsel shows that an employer unilaterally made a material and substantial change in a term of employment without negotiating with a union. *Chemical Workers Local I v. Pittsburgh Plate Glass Co*., 404 U.S. 157, 159 (1981). A "term and condition of employment" cannot be unilaterally altered by an employer without affording the union notice and an opportunity to bargain. *Taino Paper Company, Inc.*, 290 NLRB 975, 977 (1988).

The DRP expressly states that salaried and non-union employees must arbitrate claims of employment discrimination.  This is contrary to the CBA which contains no such restriction.  That is a change to the arbitration policy contained in the CBA.  There is no dispute that Employer did not attempt to bargain over the DRP with the Union or that it even notified the Union that it would apply the DRP to Brown through its Motion to Compel.  Likewise, there is no dispute that Brown was an employee represented by the Union continuously from his initial employment in 2004 though his termination in 2010.

Once a unilateral change to a term or condition is demonstrated, the burden is on the employer to show that the unilateral change was somehow permissible or

11

privileged. *Cypress Lawn Cemetery Assn.*, 300 NLRB 609, 628 (1990).  Here, the Employer did not meet that burden.

The Employer's defense centered around its contention that Brown was not an employee within the meaning of the Act at the time it made its Motion to Compel; nor was he a member of the bargaining unit; and thus, it did not have to bargain with the Union.

However, the NLRA, in relevant part, states:

> The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless the Act [this subchapter] explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, . . .

29 U.S.C. Section § 152(3).

Applicants for employment are also statutory employees under this section of the NLRA. *NLRB v. Town & Country Electric, Inc.*, 516 U.S. 85 (1995); see also *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177 (1941). The Board in *Little Rock Crate & Basket Co.*, 227 NLRB 1406 (1977), stated that the Board has long held the term "employee" to mean, "members of the working class generally, including former employees of a particular employer." *Little Rock Crate & Basket Co.*, 227 NLRB 1406 (1977) (internal quotations omitted).  The Supreme Court has consistently

12

upheld the Board's broad definition of an "employee." *NLRB v. Town & County Electric, Inc.*, 516 U.S at 94; *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 891 (1984); *NLRB v. Hearst Publications, Inc.*, 322 U.S. 111, 130 (1944).

Thus, because Brown's employment with the Employer had ceased and because he fell within the statutory definition of employee while he pursued his employment discrimination claims, the ALJD properly held that Brown was an employee at the time that the Employer filed its Motion to Compel. The Board declined to address the Employer's argument about Brown's status in its final order.[1]

Instead, the Board's majority decided that Brown's status was immaterial to its decision because it was dismissing the Complaint based on the Employer's rights under the Petition Clause.

## II.   The Petition Clause does not Immunize the Employer's Otherwise Unlawful Actions

A.   The Employer had an Illegal Objective, which is unprotected by the Petition Clause under Supreme Court precedent.

The Supreme Court has recognized the constitutional implications involved when an agency of the executive branch involves itself in a judicial forum vis-à-vis

---

[1] The majority stated that it need not address Brown's employment status or membership in the bargaining unit at the time the Motion to Compel was filed since the Petition Clause resolved the case.

a cease and desist order or order of affirmative action to halt unlawful litigation.  See *Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731 (1983); *BE&K Constr. Co*. v. NLRB, 536 U.S. 516 (2002).

Nevertheless, the Supreme Court has recognized that in certain situations, it may be necessary for an agency to order a party from taking action or refraining from taking an action in a judicial forum.

 In *Bill Johnson's*, a group of waitresses were picketing a restaurant and distributing a leaflet that  "accused management of making [unwarranted] sexual advances" and maintaining a "filthy restroom for women employees."  461 U.S. at 734.  In response, the manager and the restaurant threatened to get even with the women and filed a state court lawsuit against them alleging that the waitresses engaged in unlawful mass picketing, harassed customers, blocked public ingress to and egress from the restaurant, created a threat to public safety, and committed libel via the distribution of the leaflet. *Id*. The Employer sought a temporary restraining order, preliminary and permanent injunctive relief, compensatory damages, and $500,000 in punitive damages.  *Id*. In response, one of the waitresses filed unfair labor practices alleging violations of Sections 8(a)(1) and 8(a)(4) of the Act. *Id*. at 735. After an ALJ hearing, the Board held it was an unfair labor practice for an employer to institute a civil lawsuit against the picketing waitresses under the circumstances, and the lawsuit should be enjoined. *Id*. at 737. The Ninth Circuit

14

Court of Appeals enforced the order in its entirety, and the Supreme Court vacated the Board's decision and remanded the case for further analysis. *Id*. at 737, 747.

In doing so, Supreme Court held that certain litigation that is baseless and retaliatory, rather than based on retaliation only, could be enjoined as an unfair labor practice.[2]  The Court also outlined additional exceptions in a footnote, which has now become settled law.

In footnote five, The Court stated:

It should be kept in mind that what is involved here is an employer's lawsuit that the federal law would not bar except for its allegedly retaliatory motivation. We are not dealing with a suit that is claimed to be beyond the jurisdiction of the state courts because of federal-law pre-emption, or a <u>suit that has an objective that is illegal under federal law</u>.

*Id*. at 737, fn 5. (underscoring supplied).[3]

To summarize, litigation that is baseless and retaliatory, is preempted by federal law, or has an illegal objective, falls outside the protections of the First Amendment and can be enjoined by the Board.  *Bill Johnson's*, 461 U.S., at 742-743, fn. 5. Although a similar case was again examined by the Supreme Court in a later case involving a reasonably based lawsuit that was unsuccessful, footnote 5 has

---

[2] The Court held that if there are any issues of material fact as to whether the lawsuit is basis, the proper procedure is to stay the Board proceedings until the lawsuit is complete.

[3] The Motion to Compel "has an objective that is illegal under federal law."

15

remained good law. See *United Nurses Ass'ns of Cal./Union of Health Care Professionals, NUHHCE, AFSCME v. NLRB*, 871 F.3d 767, 787 (9th Cir. 2017).

In the case at hand, the Board took part of a recommended remedy that the Employer cease and desist from attempting to apply the DRP in Browns lawsuit and withdraw that portion of its defense and dismissed the entire complaint.

The Board concluded in its reasoning that for the Motion to Compel to fall within the illegal objective standard in footnote 5, there must be some other "underlying act" non-withstanding the Employer's attempt to apply the DRP Policy through its Motion to Compel because the Motion to Compel was facially lawful.

However, the Board misapplies *Bill Johnson's*. In footnote 5, the Court stated, in relevant part, that the Board could enjoin "a suit that has an objective that is illegal under federal law." *Bill Johnson's*, supra, at 737, fn 5. By its plain language, the focus is on whether party's objective is illegal under federal law. This is clearly the case here.

In that connection, the NLRA plainly makes it unlawful to apply an arbitration "agreement" (the "DRP") to a bargaining unit employee without bargaining with the Union.

The NLRA is, of course, a "federal law" within the meaning of footnote five. The Bill Johnson's exception is therefore applicable.

16

As the dissent points out, the implications of this ruling are not without consequence. The consequence is a giant loophole in the unilateral change doctrine itself.

> In dissent, Member McFerran stated;
>
> If the Petition Clause precludes finding an unfair labor practice *irrespective of Brown's employment and bargaining unit status*, then the Respondent could take exactly the same approach with regard to an individual whose status as an employee and unit member was undisputed. In other words, any employer that has both represented and unrepresented employees, and that maintains an arbitration policy applicable only to the latter group, would be free to impose the arbitration policy even on a current, active union-represented employee without providing notice to the union or an opportunity to bargain, and without any past practice of subjecting represented employees to the arbitration requirement, as long as the employer does so by means of a court filing. It cannot be correct that the statutory duty to bargain and a collective-bargaining agreement could be circumvented so easily.

*Anheuser-Busch*, LLC, 2019 NLRB LEXIS 306, *44-45 (N.L.R.B. May 22, 2019). (McFerran, dissenting) (emphasis original).

B.    <u>The Employer's actions were baseless and unprotected by the Petition Clause.</u>

The majority of the Board also stated in this case that the sole objective of the Motion to Compel was not to apply the DRP to Brown and that the argument was made in the alternative. The implication by the Board's reference to what it that refers to as an inconvenient fact is that by making dual alternative arguments in it

Motion to Compel, it presumably somehow makes the Motion to Compel more palpable. However, that the Board is mistaken.

It is true that the Employer made dual arguments that Brown's claims must be arbitrated either pursuant to the CBA or under the DRP Policy. However, the Employer was well aware that Brown had already utilized the CBA grievance procedure to no avail. Thus, the Employer knew that if the Motion to Compel was granted under this argument, Brown would be stuck at a "dead end." *Anheuser-Busch, LLC*, 2019 NLRB LEXIS 306, *34 fn. 4 (N.L.R.B. May 22, 2019).

In effect, both arguments to arbitrate were subjectively intended to abuse the process, and both were objectively baseless. See *BE & K*, supra, at 531. (holding baseless litigation should be protected only to the same extent as false statements are). Yet, the majority in this case refused to offer any opinion on the merits of the Motion to Compel itself. *Anheuser-Busch, LLC*, 2019 NLRB LEXIS 306, *10 (N.L.R.B. May 22, 2019

Furthermore, there should be no dispute that the DRP is patently inapplicable to Brown. The DRP expressly states that it applies to "salaried and non-union hourly employees." Brown was not on salary and was represented by the Union during all times of his employment.

While the General Counsel did not allege that the Employer attempted to retaliate against Brown, there is no basis to assert that he falls within the scope of

18

the DRP policy. "Obvious lack of merit" has been used as evidence by the Board to find a retaliatory motive. See, e.g. *Milum Textile Servs. Co.*, 357 NLRB 2047, 2076 (2011).[4]

### III.    The Board's Failure to Adequately Explain its Departure from Past Precedent is Not Reasoned Decisionmaking

In a long line of cases leading concerning mandatory arbitration of class action lawsuits, the Board repeatedly attempted to enjoin lawsuits and ordered Employers to attempt to get Motions to Compel arbitration vacated.  See, e.g., *Cypress Lawn (USA), Inc.*, 363 NLRB No. 86, slip op. at 1 n. 2 (2015).

The Board attempts to differentiate this case because it states that no one alleges the DRP is facially unlawful.  This is a distinction without a difference and departs from past precedent.  The fact that a policy is not lawful on its face – but rather as applied or interpreted – has never stopped the Board from finding it to be an illegal objective before.

To be sure, the Board has held Unions to have illegal objectives when their interpretations would unlawfully arbitrate representational issues or turn a CBA into an unlawful hot cargo agreement.  See *Elevator Constructors (Long Elevator)*, 289 NLRB 1095, 1095 (1988), enfd. 902 F.2d 1297 (8th Cir. 1990),

---

[4] Additionally, one of the two EEOC charges filed by Brown alleged retaliation by the Employer.

19

To circumvent this, the majority concluded that for the Motion to Compel to fall within the illegal objective exception, there must be a separate and distinct underlying act. They cite *Regional Construction Corp.*, 333 NLRB 313, 320 (2001). In doing so, they exerpt part of a sentence from an ALJ decision affirmed by the Board without comment. However, this is not the rule as set out in *Bill Johnson's* and its progeny. Bill Johnson's refers specifically to "an objective that is illegal under federal law. . . ."

Here the Employer's objective was to force employees to arbitrate under an arbitration policy that was unlawful because it was implemented without bargaining with the Union. Had this occurred in any setting other than in a court filing, this would be an open and shut unilateral change case in violation of Sections 8(a)(5) and 8(a)(1) of the Act.

Instead, because the Board misreads *Bill Johnson's* and departs from a line of cases where it enjoined what it deemed unlawful arbitration policies as applied to employees without any explanation,[5] this case should be remanded, at the least, be remanded and the Board ordered to engage in reasoned decision-making about its new requirements under the illegal objective analysis.

---

[5] Other than the invention of an "underlying act" requirement and/or that the unilateral change being enforced be "facially unlawful."

20

## <u>CONCLUSION</u>

The NLRB's Order dismissing the unfair labor practice complaint should be reversed and remanded based on its misapplication of Bill Johnson's and its progeny. In the alternative, NLRB should explain its inconsistent and arbitrary application of its new additional requirements to the finding of an illegal objective.

Respectfully submitted by:

*/s/ Tobe M. Lev*
Tobe M. Lev, Esq.
FL Bar No. 0226475
EGAN, LEV, LINDSTROM
& SIWICA, P.A
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
E-mail: tlev@eganlev.com

*Attorney for Petitioner*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 4,587 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Tobe M. Lev*
Tobe M. Lev, Esq.

## CERTIFCATE OF SERVICE

Undersigned counsel certifies that on October 29, 2019, this document was filed electronically with the Clerk of Court using the Court's ECF system, which will send electronic notice to all counsel of record, including those for the intervenors.

*/s/ Tobe M. Lev*
Tobe M. Lev, Esq.

22