# No. 19-12745

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

**INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 947**
Petitioner
and

**MATTHEW C. BROWN**
Intervenor

v.

**NATIONAL LABOR RELATIONS BOARD**
Respondent
and

**ANHEUSER-BUSCH BREWING PROPERTIES, LLC**
Intervenor

_____

## ON PETITION FOR REVIEW OF AN ORDER OF
## THE NATIONAL LABOR RELATIONS BOARD

_____

## BRIEF FOR
## THE NATIONAL LABOR RELATIONS BOARD

_____

KIRA DELLINGER VOL
*Supervisory Attorney*

ERIC WEITZ
*Attorney*

*National Labor Relations Board*
**1015 Half Street SE**
**Washington, DC 20570**
**(202) 273-0656**
**(202) 273-3757**

PETER B. ROBB
          *General Counsel*
ALICE B. STOCK
          *Deputy General Counsel*
DAVID HABENSTREIT
          *Acting Deputy Associate*
          *General Counsel*

**National Labor Relations Board**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD | ) | |
| OF TEAMSTERS, LOCAL 947 | ) | |
|     Petitioner | ) | No.  19-12745 |
|   and | ) | |
| | ) | |
| MATTHEW C. BROWN | ) | Board Case No. |
|     Intervenor | ) | 12-CA-094114 |
|   v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
|     Respondent | ) | |
|   and | ) | |
| | ) | |
| ANHEUSER-BUSCH BREWING | ) | |
| PROPERTIES, LLC | ) | |
|     Intervenor | ) | |

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Cir. Rule 26.1-1, the National Labor Relations Board, by its Acting Deputy Associate General Counsel, hereby certifies that it is aware of the following persons or entities with an interest in the outcome of this case:

1. Anheuser-Busch, LLC (Respondent in Board Proceeding)

2. Anheuser-Busch Brewing Properties, LLC (Intervenor)

3. Brown, Matthew C. (Intervenor; Charging Party in Board Proceeding)

4. Cates, William Nelson (Administrative Law Judge)

5. Cohen, David (Regional Director of Board's Region 12)

6. Egan, Jr., Joseph (Counsel for Parties-in-Interest in Board Proceeding)

7. Emanuel, William J. (Board Member)

8. Habenstreit, David (Appellate Counsel for Board)

11th Cir. No. 19-12745                        *Teamsters, Local 947 v. NLRB*

9. International Brotherhood of Teamsters, Brewery & Soft Drink Workers Conference (Party-in-Interest in Board Proceeding)

10. International Brotherhood of Teamsters, Local 947 (Petitioner; Party-in-Interest in Board Proceeding)

11. Klink, Jeffrey H. (Counsel for Intervenor-Charging Party Brown)

12. Lev, Tobe M. (Appellate Counsel for Petitioner)

13. Maldonado, Marinelly (Counsel for Board's Acting General Counsel in Board Proceeding)

14. McFerran, Lauren (Former Board Member)

15. Ring, John F. (Board Chairman)

16. Robb, Peter B. (Board's General Counsel)

17. Schudroff, Daniel D. (Counsel for Intervenor Anheuser-Busch)

18. Siwica, Richard (Appellate Counsel for Petitioner)

19. Smith, Thomas Royall (Counsel for Respondent in Board Proceeding)

20. Spitz, Jonathan J. (Counsel for Intervenor Anheuser-Busch)

21. Stock, Alice B. (Board's Deputy General Counsel)

22. Vol, Kira Dellinger (Appellate Counsel for Board)

23. Weitz, Eric (Appellate Counsel for Board)

24. Wolfmeyer, Nicholas R. (Appellate Counsel for Petitioner)

/s/ David Habenstreit
David Habenstreit
Acting Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.
this 20th day of December, 2019

## STATEMENT REGARDING ORAL ARGUMENT

The National Labor Relations Board ("the Board") submits that this case does not require oral argument. The underlying facts are undisputed in relevant part and the narrow legal conclusion on review is premised on sound reasoning that is fully explicated in the Board's Decision and Order and in its brief to the Court. However, if the Court determines that oral argument would be of assistance, the Board respectfully requests the opportunity to participate.

# TABLE OF CONTENTS

**Headings**                                                             **Page(s)**

Statement of jurisdiction ............................................................................1

Statement of the issue ................................................................................2

Statement of the case..................................................................................3

I.   The Board's findings of fact ..................................................................3

    A. Background; the Union's status as exclusive bargaining representative; Anheuser-Busch's Dispute Resolution Program........................................ 3

    B. Anheuser-Busch hires Brown as a bargaining-unit employee and later terminates his employment; Brown files a Title VII lawsuit in federal district court............................................................................................ 4

    C. Anheuser-Busch files a motion to compel arbitration pursuant to its Dispute Resolution Program .................................................................... 6

II.  Procedural history ..................................................................................7

III. The Board's conclusions and Order ....................................................10

Summary of argument................................................................................10

Standard of review ....................................................................................13

Argument.....................................................................................................14

The Board appropriately dismissed the unfair-labor-practice complaint based on its conclusion that Anheuser-Busch's motion to compel arbitration is protected by the First Amendment.........................................................14

    A. The Board is generally precluded from finding that a party's lawsuit constitutes an unfair labor practice, subject to narrow exceptions including the existence of an illegal objective .........................................15

## **TABLE OF CONTENTS**

**Headings-Cont'd**                                                                        **Page(s)**

B.  Anheuser-Busch's motion to compel arbitration does not fall within the illegal-objective exception because the Dispute Resolution Program is not independently illegal and thus there was no underlying act in violation of federal law ................................................20

C.  The remaining arguments raised by the Union and Brown are jurisdictionally barred by Section 10(e) of the Act ..................................24

Conclusion ............................................................................................................34

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*A.H. Belo Corp. (WFAA-TV) v. NLRB*,
  411 F.2d 959 (5th Cir. 1969) ................................................................. 9

*Allentown Mack Sales & Serv., Inc. v. NLRB*,
  522 U.S. 359 (1998) ............................................................................. 13

*Allied Chem. & Alkali Workers, Local Union No. 1 v. Pittsburgh Plate Glass Co.*,
  404 U.S. 157 (1971) ............................................................................. 14

*Allied Trades Council*,
  342 NLRB 1010 (2004) ........................................................................ 19

*BE & K Constr. Co.*,
  351 NLRB 451 (2007) .......................................................................... 31

*BE & K Constr. Co. v. NLRB*,
  536 U.S. 516 (2002) ................................................................ 9, 15-16, 18, 30

*Bill Johnson's Rests., Inc. v. NLRB*,
  461 U.S. 731 (1983) ....................................... 9, 11-12, 16-18, 20-31, 33

*Boeing Co.*,
  365 NLRB No. 154, 2017 WL 6403495 (Dec. 14, 2017) ............................... 31-32

*Bonner v. City of Prichard*,
  661 F.2d 1206 (11th Cir. 1981) ........................................................... 32

*Booster Lodge No. 405, Int'l Ass'n of Machinists v. NLRB*,
  412 U.S. 84 (1973) ............................................................................... 20

*In re Burlington N., Inc.*,
  822 F.2d 518 (5th Cir. 1987) ............................................................ 20-21

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
  404 U.S. 508 (1972) ............................................................................ 15

## TABLE OF AUTHORITIES

**Cases-Cont'd**                                                     **Page(s)**

*Can-Am Plumbing, Inc. v. NLRB*,
   321 F.3d 145 (D.C. Cir. 2003)................................................................ 18

*Chauffeurs, Teamsters & Helpers Local 776, Int'l Bhd. of Teamsters*,
   305 NLRB 832 (1991), *enforced*,
   973 F.2d 230 (3d Cir. 1992) ................................................................. 19

*City Cab Co. of Orlando, Inc. v. NLRB*,
   787 F.2d 1475 (11th Cir. 1986) ........................................................... 14

*CPS Sec. (USA), Inc.*,
   363 NLRB No. 86, 2015 WL 9460030 (Dec. 24, 2015) ...................................... 22

*Detroit Edison Co. v. NLRB*,
   440 U.S. 301 (1979)......................................................................... 25

*E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*,
   365 U.S. 127 (1961) ...................................................................15-16

*Freeman v. Lasky, Haas & Cohler*,
   410 F.3d 1180 (9th Cir. 2005) ............................................................ 21

*Ga. Power Co. v. NLRB*,
   427 F.3d 1354 (11th Cir. 2005) ........................................................... 13

*HealthBridge Mgmt. v. NLRB*,
   798 F.3d 1059 (D.C. Cir. 2015).........................................................25-26

*Int'l Bhd. of Boilermakers v. NLRB*,
   127 F.3d 1300 (11th Cir. 1997) ........................................................... 13

*Int'l Ladies' Garment Workers' Union, Upper S. Dep't v. Quality Mfg. Co.*,
   420 U.S. 276 (1975).....................................................................25-26

# TABLE OF AUTHORITIES

**Cases-Cont'd**                                                            **Page(s)**

*Int'l Union of Elevator Constructors*,
  289 NLRB 1095 (1988), *enforced*,
  902 F.2d 1297 (8th Cir. 1990) ............................................................19-20, 22-23

*Local 58, Int'l Bhd. of Elec. Workers*,
  365 NLRB No. 30, 2017 WL 680502 (Feb. 10, 2017), *enforced*,
  888 F.3d 1313 (D.C. Cir. 2018 ........................................................................ 32

*Murphy Oil USA, Inc.*,
  361 NLRB 774 (2014), *enforcement denied*,
  808 F.3d 1013 (5th Cir. 2015), *affirmed sub nom.*
  *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) ..........................................21-22

*NLRB v. C&C Plywood Corp.*,
  385 U.S. 421 (1967)............................................................................................ 14

*NLRB v. Contemporary Cars, Inc.*,
  667 F.3d 1364 (11th Cir. 2012) ....................................................................26-27

*NLRB v. Episcopal Cmty. of St. Petersburg*,
  726 F.2d 1537 (11th Cir. 1984) ........................................................................ 26

*NLRB v. Goya Foods of Fla.*,
  525 F.3d 1117 (11th Cir. 2008) .................................................................. 25, 30

*NLRB v. Granite State Joint Bd., Textile Workers Union, Local 1029*,
  409 U.S. 213 (1972)........................................................................................... 20

*NLRB v. Int'l Ass'n of Bridge, Structural,*
*Ornamental, & Reinforcing Iron Workers, Local 229*,
  941 F.3d 902 (9th Cir. 2019) ............................................................................ 13

*NLRB v. Katz*,
  369 U.S. 736 (1962)......................................................................................14-15

# TABLE OF AUTHORITIES

**Cases-Cont'd**                                                     **Page(s)**

*NLRB v. U.S. Postal Serv.*,
  660 F.3d 65 (1st Cir. 2011) ................................................................. 13

*NLRB v. WTVJ, Inc.*,
  268 F.2d 346 (5th Cir. 1959) ............................................................. 32

*Oldwick Materials, Inc. v. NLRB*,
  732 F.2d 339 (3d Cir. 1984) .............................................................. 26

*Power Sys., Inc.*,
  239 NLRB 445 (1978) ........................................................................ 16

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*,
  508 U.S. 49 (1993) .............................................................................. 31

*Purolator Armored, Inc. v. NLRB*,
  764 F.2d 1423 (11th Cir. 1985) ......................................................... 25

*Quality Health Servs. of P.R., Inc. v. NLRB*,
  873 F.3d 375 (1st Cir. 2017) .............................................................. 26

*Reg'l Constr. Corp.*,
  333 NLRB 313 (2001) ................................................................... 18-19

*Rd. Sprinkler Fitters Local Union 669*,
  365 NLRB No. 83, 2017 WL 2274720 (May 23, 2017), *enforced*,
  No. 17-1159, 2018 WL 3040513 (D.C. Cir. June 1, 2018) .................. 18

*SCL Basilisk AG v. Agribusiness United Savannah Logistics, LLC*,
  875 F.3d 609 (11th Cir. 2017) ........................................................... 27

*SEC v. Chenery*,
  318 U.S. 80 (1943) .............................................................................. 33

*Sec. Walls, Inc. v. NLRB*,
  921 F.3d 1053 (11th Cir. 2019) ......................................................... 14

# TABLE OF AUTHORITIES

**Cases-Cont'd**                                                    **Page(s)**

*Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200*,
  611 F.3d 483 (9th Cir. 2010) ................................................................. 18

*Sure-Tan, Inc. v. NLRB*,
  467 U.S. 883 (1984)....................................................................... 16, 26

*Truck Drivers, Oil Drivers, Filling Station & Platform*
*Workers' Union, Local 705 v. NLRB*,
  820 F.2d 448 (D.C. Cir. 1987)............................................................... 18

*United Nurses Ass'ns of Cal. v. NLRB*,
  871 F.3d 767 (9th Cir. 2017) ................................................................ 18

*United States v. L.A. Tucker Truck Lines, Inc.*,
  344 U.S. 33 (1952)...................................................................... 25, 27

*Visiting Nurse Health Sys., Inc. v. NLRB*,
  108 F.3d 1358 (11th Cir. 1997) ............................................................ 13

*Woelke & Romero Framing, Inc. v. NLRB*,
  456 U.S. 645 (1982)............................................................................ 25

**Constitutional Provisions**

U.S. Const. amend. I .....................................................2, 9-12, 14-17, 20, 23, 26-31

**Statutes**

Florida Civil Rights Act of 1992
  Fla. Stat. §§ 760.01, *et seq.* ................................................................ 6

42 U.S.C. § 1981 .................................................................................. 6

Title VII of the Civil Rights Act of 1964
  42 U.S.C. §§ 2000e, *et seq.* ............................................................. 4, 6

# TABLE OF AUTHORITIES

**Statutes-Cont'd**                                                      **Page(s)**

National Labor Relations Act, as amended
 (29 U.S.C. §§ 151 *et seq.*)

Section 8(a)(1) (29 U.S.C. § 158(a)(1)).................................................7-8, 14-16, 29
Section 8(a)(4) (29 U.S.C. § 158(a)(4)).................................................... 16
Section 8(a)(5) (29 U.S.C. § 158(a)(5))................................... 7-8, 14-15, 22, 27-29
Section 10(a) (29 U.S.C. § 160(a)) ....................................................................... 2
Section 10(e) (29 U.S.C. § 160(e)) .............................................................12, 24-27
Section 10(f) (29 U.S.C. § 160(f)) ........................................................................ 2

**Regulations**

29 C.F.R. 102.46(b) ............................................................................. 28
29 C.F.R. 102.46(c)............................................................................. 28
29 C.F.R. 102.46(d) ............................................................................ 28
29 C.F.R. 102.48(c)............................................................................. 28

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

————————————

## No. 19-12745

————————————

## INTERNATIONAL BROTHERHOOD OF
## TEAMSTERS LOCAL 947
### Petitioner

**and**

## MATTHEW C. BROWN
### Intervenor

**v.**

## NATIONAL LABOR RELATIONS BOARD
### Respondent

**and**

## ANHEUSER-BUSCH BREWING PROPERTIES, LLC
### Intervenor

————————————

## ON PETITION FOR REVIEW OF AN ORDER OF
## THE NATIONAL LABOR RELATIONS BOARD

————————————

## BRIEF FOR
## THE NATIONAL LABOR RELATIONS BOARD

————————————

## STATEMENT OF JURISDICTION

This case is before the Court on the petition of International Brotherhood of

Teamsters Local 947 ("the Union") for review of a Decision and Order of the

National Labor Relations Board ("the Board") issued on May 22, 2019, and

reported at 367 NLRB No. 132.  (App. Vol. II. tab 22 pp. 10-25.)[1]  The Board had jurisdiction over the proceeding below pursuant to Section 10(a) of the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.*, as amended ("the Act").  29 U.S.C. § 160(a).  The Board's Order is final, and this Court has jurisdiction pursuant to Section 10(f) of the Act.  29 U.S.C. § 160(f).  Venue is proper, as an unfair labor practice was alleged to have taken place in Florida.  The petition is timely, as the Act provides no time limit for such filings.  The charging party before the Board, Matthew C. Brown ("Brown"), intervened in support of the Union.  A subsidiary of the respondent before the Board, Anheuser-Busch Brewing Properties, LLC ("Anheuser-Busch"), intervened in support of the Board.

## STATEMENT OF THE ISSUE

Did the Board appropriately dismiss an unfair-labor-practice complaint alleging that Anheuser-Busch's motion to compel arbitration in a federal court proceeding violated the Act, based on the Board's conclusion that the filing was protected by the First Amendment?

---

[1]  Record references are to the volume number, tab number, and electronic filing page number of the two-volume appendix filed by the Union (App. Vol. I-II), and the supplemental appendix filed by the Board (Supp. App.).  For clarity and ease of reference, the Board hereinafter refers to the May 22, 2019 Decision and Order under review (App. Vol. II. tab 22 pp. 10-25) as "D&O" using its own internal pagination (D&O 1-16).  References preceding a semicolon are to the Board's findings; those following are to the supporting evidence.  "Union Br." refers to the petitioner Union's opening brief to the Court.  "Brown Br." refers to intervenor Matthew C. Brown's brief to the Court.

# STATEMENT OF THE CASE

## I.    THE BOARD'S FINDINGS OF FACT

### A.    Background; the Union's Status as Exclusive Bargaining Representative; Anheuser-Busch's Dispute Resolution Program

Anheuser-Busch operates a facility in Jacksonville, Florida, where it is engaged in the manufacture, sale, and distribution of beer and related products. (D&O 11; Supp. App. tab 10 pp. 82-83.)[2]  For decades, all maintenance, production, and utilities employees at Anheuser-Busch's facility have been represented in collective bargaining by the Union.  (D&O 11; Supp. App. tab 4 pp. 40-42.)  The Union and Anheuser-Busch have been parties to successive collective-bargaining agreements, including an agreement in effect between November 2008 and February 2014.  (D&O 11; Supp. App. tab 4 pp. 34-47.)  The collective-bargaining agreement contains a multi-step grievance-arbitration procedure for the resolution of disputes over employee disciplinary actions and other disputes arising under the contract.  (D&O 2, 11-12; Supp. App. tab 4 pp. 43-46.)  There is no language in the agreement either endorsing or restricting an employee's right to initiate federal-court proceedings after completing the contractually specified process.  (D&O 2 & n.5; Supp. App. tab 4 pp. 43-46.)

---

[2]  The respondent in the unfair-labor-practice proceeding was Anheuser-Busch, LLC (D&O 1, 11; App. Vol. I tab 3 pp. 21-26), while the intervenor on review has identified itself as a distinct subsidiary (Anheuser-Busch Mot. to Intervene pp. 1, 16).  For ease of reference, this brief refers to both entities as "Anheuser-Busch."

In April 2004, Anheuser-Busch began maintaining a written "Dispute Resolution Program," pursuant to which employees agree "to submit all covered claims" to a specified arbitration procedure, "to waive all rights to a trial before a jury on such claims," and "to accept an arbitrator's decision as the final, binding, and exclusive determination of all covered claims."  (D&O 1-2; Supp. App. tabs 1, 10 pp. 5-6, 83.)  The Dispute Resolution Program applies to "all salaried and non-union hourly employees of Anheuser-Busch Companies, Inc. or any of its U.S. subsidiaries."  (D&O 2, 11; Supp. App. tab 1 p. 6.)  The arbitration procedure outlined in the Dispute Resolution Program is different from the grievance-arbitration procedure contained in the collective-bargaining agreement covering bargaining-unit employees.  (D&O 2; Supp. App. tab 4 pp. 43-46.)  Around the same time that it implemented the program, Anheuser-Busch began requiring job applicants for both bargaining-unit and non-bargaining-unit positions to sign a standard application form that, *inter alia*, indicated the applicant's agreement to be bound by the Dispute Resolution Program.  (D&O 2; Supp. App. tab 10 pp. 83-84.)

**B.    Anheuser-Busch Hires Brown as a Bargaining-Unit Employee and Later Terminates His Employment; Brown Files a Title VII Lawsuit in Federal District Court**

In June 2004, Brown applied for employment with Anheuser-Busch. (D&O 11; Supp. App. tab 2 pp. 29-30.)  Brown signed an application form stating, in relevant part, that if he were hired then he agreed that "any claim" he may have

against Anheuser-Busch would be "subject to final and binding arbitration in accordance with the . . . Dispute Resolution Program," and that this procedure would apply "unless a written contract provides to the contrary." (D&O 2, 11; Supp. App. tab 2 p. 30.) Anheuser-Busch hired Brown and he began working at the Jacksonville facility in September 2004, first as a "weekender" and later as an "apprentice I," both of which are bargaining-unit positions represented by the Union and covered by the collective-bargaining agreement. (D&O 2, 11; Supp. App. tab 10 p. 84.) At no point before or during his employment was Brown provided with a copy of the Dispute Resolution Program. (D&O 12; Supp. App. tab 10 pp. 83-86.)

In March 2010, Anheuser-Busch terminated Brown's employment. (D&O 2, 12; Supp. App. tab 3 p. 32.) The Union filed a grievance under the collective-bargaining agreement alleging that Brown's termination lacked just cause, which culminated in a final arbitration decision upholding the termination. (D&O 2, 12; Supp. App. tab 5 pp. 49-52.) Meanwhile, Brown separately filed a charge with the Florida Commission on Human Relations alleging that Anheuser-Busch unlawfully terminated him in retaliation for filing with that commission an earlier race-discrimination charge against the company. (D&O 2, 12; Supp. App. tabs 6-7 pp. 54, 56.) Based on the same charges, in December 2011 the Equal Employment Opportunity Commission issued Brown two "Notice of Right to Sue"

letters authorizing federal litigation regarding his retaliation and race-discrimination claims.  (D&O 2; Supp. App. tab 11 pp. 89-90.)

In April 2012, Brown filed a complaint against Anheuser-Busch in the U.S. District Court for the Middle District of Florida alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended ("Title VII"), 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01, *et seq.*  (D&O 2, 12; Supp. App. tab 8 pp. 58-69.)  Complaint, *Brown v. Anheuser-Busch Cos., LLC*, No. 3:12-CV-00365-TJC-JBT (M.D. Fla. Apr. 3, 2012).

### C.    Anheuser-Busch Files a Motion To Compel Arbitration Pursuant to Its Dispute Resolution Program

In June 2012, Anheuser-Busch filed a motion in the district court proceeding to dismiss or stay and to compel arbitration.  (D&O 2, 12; Supp. App. tab 9 pp. 71-80.)  In relevant part, Anheuser-Busch's motion contends that the district court "should enter an order compelling Brown to pursue his claims in arbitration under the contractual obligations of the [collective-bargaining agreement] or, alternatively, under [the Dispute Resolution Program]."  (D&O 2; Supp. App. tab 9 p. 73.)  The alternative request to compel arbitration pursuant to the Dispute Resolution Program is premised on Anheuser-Busch's contention that Brown "personally agreed" to such arbitration by signing his employment application form.  (D&O 2; Supp. App. tab 9 pp. 76-77.)  Anheuser-Busch argues in its motion

that the collective-bargaining agreement covering Brown's employment does not provide "to the contrary" because that agreement also contemplates arbitration. (Supp. App. tab 9 p. 77.)  Anheuser-Busch further argues in its motion that, although the Dispute Resolution Program specifically applies to "non-union" employees, it does not thereby "prohibit union-represented employees, like Brown, from agreeing to arbitrate statutory claims."  (Supp. App. tab 9 p. 77 n.1.)

Before filing its motion in district court, Anheuser-Busch had never asserted that the Dispute Resolution Program applied to Brown.  (D&O 2, 12; App. Vol. II tab 24 pp. 76-78.)  Anheuser-Busch never gave the Union notice or an opportunity to bargain over the potential application of the Dispute Resolution Program to Brown or to other current or former bargaining-unit employees.  (D&O 2, 12, 14; Supp. App. tab 10 p. 86.)  The district court has apparently not yet ruled on Anheuser-Busch's motion to compel arbitration.  (D&O 2 n.7.)

## II.   PROCEDURAL HISTORY

Brown filed an unfair-labor-practice charge with the Board's regional office in December 2012.  (D&O 10; App. Vol. I tab 1 pp. 5-6.)  The Board's Acting General Counsel issued an unfair-labor-practice complaint in March 2013 alleging that Anheuser-Busch violated Section 8(a)(5) and (1) of the Act.  Specifically, the complaint alleged that by filing its motion to compel arbitration pursuant to the Dispute Resolution Program and thereby applying such policy to Brown,

Anheuser-Busch unlawfully changed a mandatory subject of bargaining without providing the Union with notice and an opportunity to bargain.  (D&O 10; App. Vol. I tab 2 pp. 10-15.)  An administrative law judge held an evidentiary hearing in July 2013.  (D&O 10; App. Vol. II tab 24 pp. 34-113.)  Brown was represented by counsel and participated as the charging party; the Union was represented by counsel and participated as a party-in-interest.  (D&O 10; App. Vol. II tab 24 pp. 35, 38-39.)[3]

On September 10, 2013, the administrative law judge issued a recommended decision and order concluding that Anheuser-Busch violated Section 8(a)(5) and (1) of the Act as alleged.  (D&O 1, 10-16.)  The judge rejected Anheuser-Busch's contention that, because Brown was no longer a bargaining-unit employee, it no longer had a statutory duty to bargain over the unilateral application of the Dispute Resolution Program to him.  (D&O 14.)  The judge's recommended order instructed Anheuser-Busch to "[f]orthwith withdraw that portion of its defense in Brown's District Court lawsuit that requests the District Court have the matter before it decided pursuant to [the Dispute Resolution Program]."  (D&O 15.)  The judge's decision did not mention or address any potential constitutional issues.

---

[3] The Union has included the parties' post-hearing briefs to the administrative law judge in the appendix filed with the Court.  (App. Vol. I tabs 4-5 pp. 29-59.)  Such briefs are not part of the record before the Board, 29 C.F.R. § 102.45(b), and thus are not part of the record on review, Fed. R. App. P. 16(a).

In exceptions filed with the Board to the administrative law judge's recommended decision and order, Anheuser-Busch argued in relevant part that the judge had erred by recommending that the Board order Anheuser-Busch to withdraw its defensive motion to compel arbitration under the Dispute Resolution Program, because "the recommended order is unconstitutional." (App. Vol. I tab 8 p. 81.) In support of that argument, Anheuser-Busch cited the Supreme Court's discussions of the First Amendment right to petition in *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983), and *BE & K Construction Co. v. NLRB*, 536 U.S. 516 (2002). (App. Vol. I tab 16 pp. 188-90.)[4]

The Board's General Counsel filed an answering brief to Anheuser-Busch's exceptions and addressed the constitutional issue by invoking the "illegal objective" exception from *Bill Johnson's*, 461 U.S. at 737 n.5, specifically arguing that Anheuser-Busch's motion was not protected by the First Amendment because it "had an illegal objective." (App. Vol. I tab 10 p. 136.) Brown also filed an answering brief to Anheuser-Busch's exceptions, but did not address the constitutional issue apart from generally endorsing the "reason[ing] advanced by

---

[4] In the appendix filed with the Court, the Union has included the parties' briefs in support of their exceptions. (App. Vol. I tabs 9, 12, pp. 85-118, 151-57.) When a party files an exceptions document and a separate supporting brief pursuant to the Board's regulations, 29 C.F.R. § 102.46(a)(1)(i)(D), the separate supporting brief is not part of the administrative record on review, 29 C.F.R. 102.45(b); *A.H. Belo Corp. (WFAA-TV) v. NLRB*, 411 F.2d 959, 967 (5th Cir. 1969).

the General Counsel." (App. Vol. I tab 14 p. 168.) The Union did not file an

answering brief. (D&O 1.)

## III.    THE BOARD'S CONCLUSIONS AND ORDER

On May 22, 2019, the Board (Chairman Ring and Member Emanuel;

Member McFerran, dissenting) reversed the administrative law judge and

dismissed the unfair-labor-practice complaint. (D&O 1-6.) The Board concluded

that Anheuser-Busch's motion to compel arbitration is protected by the First

Amendment right to petition and does not fall within the narrow exceptions to the

general principle that the Board is constitutionally precluded from finding a party's

petitioning conduct to be an unfair labor practice. (D&O 6.) Neither the Union

nor Brown filed a motion for reconsideration or rehearing with the Board.

## SUMMARY OF ARGUMENT

This case presents an exceedingly narrow issue on review. The Court is

asked to decide whether the Board appropriately dismissed an unfair-labor-practice

complaint alleging that Anheuser-Busch violated the Act through its act of filing a

motion to compel arbitration in a federal district court proceeding initiated by

Brown. The Board did not decide the statutory merits of that unfair-labor-practice

allegation, and thus the complexities of federal labor law are not properly before

the Court. Instead, the Board reasonably concluded that it is constitutionally

precluded from adjudging Anheuser-Busch's motion to be a statutory violation,

because that motion was an exercise of Anheuser-Busch's First Amendment right to petition the government for a redress of grievances.

The Supreme Court has long recognized that the First Amendment right to petition encompasses a right of access to the courts and that the Board generally is precluded from finding that a party's petitioning conduct constitutes an unfair labor practice. The outcome of the present case is largely governed by the Supreme Court's opinion in *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983), which recognized three narrow exceptions pursuant to which the Board may nonetheless find that a party's court filing violates the Act. Only one of those exceptions, for petitioning conduct that has "an objective that is illegal under federal law," *Bill Johnson's*, 461 U.S. at 737 n.5, was raised to the Board in the present case and is preserved for judicial review. However, as the Board found, the illegal-objective exception is inapplicable to Anheuser-Busch's motion to compel arbitration pursuant to its Dispute Resolution Program.

As the Board explained, that exception does not apply in the present case because there is no allegation that Anheuser-Busch's Dispute Resolution Program is facially unlawful or that the disputed motion to compel arbitration was otherwise preceded by some separate, unlawful "underlying act." The only claim below was that the filing itself constituted an unfair labor practice. Finding a statutory violation in such circumstances would be inconsistent with the First Amendment,

with Supreme Court precedent, and with the Board's own precedent.  Neither the Union nor Brown has identified any comparable example of a court filing unaccompanied by an unlawful underlying act that was found to fit within the *Bill Johnson's* illegal-objective exception.

Meanwhile, the Court lacks jurisdiction to entertain any of the other challenges to the Board's decision raised by the Union and Brown, all of which they have raised for the first time in their briefs to the Court.  Section 10(e) of the Act contains a jurisdictional bar preventing the courts from entertaining arguments that were not raised to the Board in the first instance, absent extraordinary circumstances that no party has alleged exist here.  29 U.S.C. § 160(e).  The sole argument raised to the Board regarding the constitutional issue was the passing contention of the Board's General Counsel that Anheuser-Busch's motion to compel arbitration is not immunized by the First Amendment because it falls within the *Bill Johnson's* illegal-objective exception.  No additional arguments were raised to the Board by the Union or Brown, and no party filed a motion for rehearing or reconsideration after the Board issued its Decision and Order.  Accordingly, because the Board appropriately found that the illegal-objective exception is not implicated here, and because the parties' other arguments are jurisdictionally barred, the Court should affirm the Board's dismissal of the unfair-labor-practice complaint.  Doing so would permit the relevant parties to resume

litigating the merits of Anheuser-Busch's motion to compel arbitration before the

U.S. District Court for the Middle District of Florida.

## STANDARD OF REVIEW

The Court affords "considerable deference to the Board's expertise in

applying [the Act] to the labor controversies that come before it." *Visiting Nurse*

*Health Sys., Inc. v. NLRB*, 108 F.3d 1358, 1360 (11th Cir. 1997). The Court will

uphold the Board's decisions as long are they are "rational and consistent with the

Act," and will affirm the Board's findings of fact as long as they are supported by

"substantial evidence on the record considered as a whole." *Ga. Power Co. v.*

*NLRB*, 427 F.3d 1354, 1357-58 (11th Cir. 2005); *see Allentown Mack Sales &*

*Serv., Inc. v*. NLRB, 522 U.S. 359, 364 (1998); *Int'l Bhd. of Boilermakers v.*

*NLRB*, 127 F.3d 1300, 1306 (11th Cir. 1997). The same standard of review applies

when the Board reaches a different conclusion from the administrative law judge.

*See Visiting Nurse Health Sys.*, 108 F.3d at 1360-61. However, courts generally do

not grant deference to the Board's interpretations of constitutional provisions or

Supreme Court precedent. *See, e.g.*, *NLRB v. Int'l Ass'n of Bridge, Structural,*

*Ornamental, & Reinforcing Iron Workers, Local 229*, 941 F.3d 902, 904 (9th Cir.

2019); *NLRB v. U.S. Postal Serv.*, 660 F.3d 65, 68-69 (1st Cir. 2011).

14

**ARGUMENT**

**The Board Appropriately Dismissed the Unfair-Labor-Practice Complaint Based on Its Conclusion That Anheuser-Busch's Motion To Compel Arbitration Is Protected by the First Amendment**

The underlying unfair-labor-practice complaint alleged that Anheuser-Busch violated Section 8(a)(5) and (1) of the Act.  (D&O 14; App. Vol. I tab 2 pp. 10-15.) Section 8(a)(5) makes it an unfair labor practice for an employer to "refuse to bargain collectively" with its employees' certified bargaining representative. 29 U.S.C. § 158(a)(5).[5]  An employer circumvents its duty to bargain by taking unilateral actions affecting mandatory subjects of bargaining "without prior discussion with the union," and thereby "obstruct[s] bargaining, contrary to the congressional policy."  *NLRB v. Katz*, 369 U.S. 736, 742-47 (1962); *see NLRB v. C&C Plywood Corp.*, 385 U.S. 421, 425 (1967).  As such, an employer violates the Act by unilaterally changing a mandatory subject of bargaining without first providing the union with notice and an opportunity to bargain.  *Sec. Walls, Inc. v. NLRB*, 921 F.3d 1053, 1057 (11th Cir. 2019); *City Cab Co. of Orlando, Inc. v. NLRB*, 787 F.2d 1475, 1478 (11th Cir. 1986).  A Section 8(a)(5) unilateral-change

---

[5]  Section 8(a)(1) makes it an unfair labor practice for an employer to "interfere with" or "restrain" employees in the exercise of their statutory rights.  29 U.S.C. § 158(a)(1).  A violation of Section 8(a)(5) results in a derivative violation of Section 8(a)(1), but in such context the derivative Section 8(a)(1) violation "presents no separate issues."  *Allied Chem. & Alkali Workers, Local Union No. 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 163 n.6 (1971).

violation does not require a showing of unlawful motive or "subjective bad faith."

*Katz*, 369 U.S. at 747.

The alleged unilateral change in this case was Anheuser-Busch's imposition of its Dispute Resolution Program upon Brown, without notice to or bargaining with the Union, by filing a motion to compel arbitration in the district court proceeding.  As explained below, however, the Board appropriately dismissed the complaint without reaching the substantive merits of the unilateral-change allegation, because Anheuser-Busch's motion is protected by the First Amendment and by binding Supreme Court precedent.  The question of whether Anheuser-Busch's conduct would otherwise constitute a violation of Section 8(a)(5) and (1) is therefore not before the Court.

**A.    The Board Is Generally Precluded From Finding That a Party's Lawsuit Constitutes an Unfair Labor Practice, Subject to Narrow Exceptions Including the Existence of an Illegal Objective**

The First Amendment guarantees a constitutional right "to petition the Government for a redress of grievances."  U.S. Const. amend. I.  The Supreme Court has held that one aspect of the right to petition is the "right of access to the courts."  *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). The Supreme Court will not "lightly impute to Congress" an intent to invade the rights protected by the Bill of Rights, such as the right to petition.  *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (2002) (quoting *E. R.R. Presidents Conference v.*

*Noerr Motor Freight, Inc.*, 365 U.S. 127, 138 (1961)).  Thus, the Board must construe the Act in such a way as to be "sensitive" to parties' First Amendment right to petition.  *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896-97 (1984).  Before adjudicating alleged violations of the Act involving otherwise protected court filings, the Board must take into account the "burden on petitioning" posed by the threat of an unfair-labor-practice finding.  *BE & K Constr.*, 536 U.S. at 529.

The Supreme Court established a framework for accommodating that important constitutional right in *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983), which addressed the Board's authority to enjoin state-court lawsuits.  In that case, the Board had found that an employer violated Section 8(a)(1) of the Act—which prohibits employers from retaliating against employees for exercising their statutory rights—by filing a state-court lawsuit intended to coerce and retaliate against the defendant-employees for their protected conduct. *Bill Johnson's*, 461 U.S. at 737-41.[6]  In doing so, the Board had applied its then-controlling standard which held that "the *only* essential element of a violation" was retaliatory motive and that a lawsuit's lack of merit was not an independent requirement.  *Id.* at 739-40 (citing *Power Sys., Inc.*, 239 NLRB 445 (1978)).  On

---

[6]  The Board had also found that the employer's state-court lawsuit violated Section 8(a)(4) of the Act—which prohibits "discriminat[ion]" against an employee for filing charges with the Board, 29 U.S.C. § 158(a)(4)—based on its finding that the lawsuit was also intended to penalize the defendant-employees for previously filing Board charges, *Bill Johnson's*, 461 U.S. at 736-37.

review, the Supreme Court overruled the Board's standard based on the "weighty

countervailing considerations" of the First Amendment and the constitutional right

to petition. *Id.* at 741-43. Instead, the Supreme Court concluded that "the Board

may not halt the prosecution of a state-court lawsuit, regardless of the plaintiff's

motive, unless the suit lacks a reasonable basis in fact or law." *Id.* at 748.

Accordingly, the *Bill Johnson's* framework holds that retaliatory motive and

objective baselessness are generally "*both* essential prerequisites" to finding that a

lawsuit constitutes an unfair labor practice under the Act, and that the Board is

otherwise precluded from finding constitutionally protected petitioning conduct to

be unlawful. 461 U.S. at 748-49 (emphasis added). However, the Supreme Court

also observed in footnote 5 of its opinion that:

> It should be kept in mind that what is involved here is an employer's
> lawsuit that the federal law would not bar except for its allegedly
> retaliatory motivation. We are not dealing with a suit that is claimed to
> be beyond the jurisdiction of the state courts because of federal-law
> preemption, or a suit that has an objective that is illegal under federal
> law. Petitioner concedes that the Board may enjoin these latter types
> of suits. . . . Nor could it be successfully argued otherwise, for we have
> upheld Board orders enjoining unions from prosecuting court suits for
> enforcement of fines that could not lawfully be imposed under the Act,
> and this Court has concluded that, at the Board's request, a District
> Court may enjoin enforcement of a state-court injunction 'where [the
> Board's] federal power pre-empts the field.'

*Id.* at 737 n.5 (citations omitted). As such, the *Bill Johnson's* framework

incorporates two additional exceptions—for lawsuits that are either preempted by

federal law or that have objectives that are illegal under federal law—pursuant to

18

which the Board may find petitioning conduct unlawful. *See, e.g.*, *United Nurses Ass'ns of Cal. v. NLRB*, 871 F.3d 767, 787 (9th Cir. 2017) (discussing preemption and illegal-objective exceptions); *Truck Drivers, Oil Drivers, Filling Station & Platform Workers' Union, Local 705 v. NLRB*, 820 F.2d 448, 452 (D.C. Cir. 1987) (discussing illegal-objective exception).[7]

Subsequent cases applying the *Bill Johnson's* framework have further developed the contours of the narrow illegal-objective exception at issue here.  In *Regional Construction Corp.*, 333 NLRB 313 (2001), the Board surveyed numerous previous applications of the *Bill Johnson's* exceptions and explained, in dicta, that it could discern four categories of cases, including those where "underlying acts constitute unfair labor practices and the lawsuit is simply an attempt to enforce the underlying act."  *Id.* at 313 & n.2, 318-20.  Thus, a party's filing falls within the relevant exception and is unprotected if it "would commit the court to countenance [an] underlying act by [that party] which would be a violation

---

[7]  In *BE & K Construction*, the Supreme Court clarified the scope of the baseless-and-retaliatory exception in the context of "reasonably based but unsuccessful" litigation that has already been completed.  536 U.S. at 536-47.  The two separate exceptions described in footnote 5 of *Bill Johnson's* remain unchanged.  *See, e.g.*, *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200*, 611 F.3d 483, 492 (9th Cir. 2010) (explaining that *BE & K* "did not affect" the exceptions in footnote 5 of *Bill Johnson's*); *Can-Am Plumbing, Inc. v. NLRB*, 321 F.3d 145, 151 (D.C. Cir. 2003) (same); *Rd. Sprinkler Fitters Local Union 669*, 365 NLRB No. 83, 2017 WL 2274720, at *1 n.3 (May 23, 2017), *enforced*, No. 17-1159, 2018 WL 3040513, at *4 (D.C. Cir. June 1, 2018) (same).

of some federal law." *Id.* at 320.  For example, a party may not lawfully seek to enforce an "underlying contract [that] is either facially illegal or would be illegal as enforced." *Id.* at 319.  The Board's discussion in *Regional Construction* was guided by the common-sense premise that the Supreme Court did not intend for "the [*Bill Johnson's*] exceptions to swallow up the general rule." *Id.* at 318.

Consistent with that underlying-act requirement, the Board has previously applied the illegal-objective exception to find unfair labor practices based on court filings that were independently unlawful.  For example, the Board has applied the illegal-objective exception to find that parties violated the Act by filing lawsuits in conflict with prior Board adjudications.  *Chauffeurs, Teamsters & Helpers Local 776, Int'l Bhd. of Teamsters*, 305 NLRB 832, 835 (1991) ("[W]here the Board has previously ruled on a given matter, and where the lawsuit is aimed at achieving a result that is incompatible with the Board's ruling, the lawsuit falls within the 'illegal objective' exception to *Bill Johnson's*."), *enforced*, 973 F.2d 230 (3d Cir. 1992); *e.g.*, *Allied Trades Council*, 342 NLRB 1010, 1013 & n.4 (2004) (finding illegal objective where union sought arbitration award that would conflict with prior Board determination of bargaining-unit scope).  Likewise, the Board has applied the illegal-objective exception to find that parties violated the Act by attempting to secure judicial enforcement of contractual provisions that were either facially illegal or illegal as interpreted by the filing party.  *E.g.*, *Int'l Union of*

*Elevator Constructors*, 289 NLRB 1095, 1095 (1988) (finding illegal objective where union sought enforcement of contract clause which, "as construed by [the union]," would violate Section 8(e) of the Act), *enforced*, 902 F.2d 1297 (8th Cir. 1990); *see Booster Lodge No. 405, Int'l Ass'n of Machinists v. NLRB*, 412 U.S. 84, 87-90 (1973) (affirming Board's authority to enjoin union's attempt to enforce fines that were illegal as applied to former members who had resigned from union); *NLRB v. Granite State Joint Bd., Textile Workers Union, Local 1029*, 409 U.S. 213, 215-18 (1972) (same).

### B. Anheuser-Busch's Motion To Compel Arbitration Does Not Fall Within the Illegal-Objective Exception Because the Dispute Resolution Program Is Not Independently Illegal and Thus There Was No Underlying Act in Violation of Federal Law

Applying the foregoing principles, the Board properly concluded that Anheuser-Busch's motion to compel arbitration "was an exercise of its First Amendment right to petition that cannot be found unlawful under Board and Supreme Court precedent." (D&O 3.) The Board began by observing that, as an aspect of the First Amendment right to petition, a party's litigation efforts are generally protected and may not be found unlawful unless they fall into one of the narrow exceptions outlined in the *Bill Johnson's* framework. (D&O 3-4.)[8] The

---

[8] Although the First Amendment right to petition ordinarily arises in the context of a plaintiff's decision to initiate a lawsuit, courts have held in similar situations that there is "no reason to apply any different standard to defending lawsuits than to

parties exclusively argued before the Board that Anheuser-Busch's motion to compel arbitration fell within the illegal-objective exception, and no party alleged that it was either baseless or retaliatory, or that it was somehow preempted by federal law.  (D&O 4-5 & n.13.)  However, the Board found that the illegal-objective exception is not implicated in the present case.

As the Board explained, the Dispute Resolution Program is not "itself illegal," and thus the motion to compel arbitration was not preceded by some "underlying act" alleged to be unlawful independent of the petitioning conduct. (D&O 4.)  In other words, the Board rejected the proposition that Anheuser-Busch's motion to compel could fall within the illegal-objective exception, because "the filing itself [is what allegedly] amounted to a unilateral change."  (D&O 4.) Here, unlike in previous cases where the Board found the illegal-objective exception to be satisfied, there was no facially unlawful contract or policy, no contrary Board adjudication, and no other "underlying act" as required by Board

---

initiating them."  *In re Burlington N., Inc.*, 822 F.2d 518, 532 (5th Cir. 1987) (discussing antitrust liability for sham defensive pleadings); *accord Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (same).  The Board has previously "assume[d] likewise," *Murphy Oil USA, Inc.*, 361 NLRB 774, 793 (2014), *enforcement denied on other grounds*, 808 F.3d 1013 (5th Cir. 2015), *affirmed sub nom. Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), and the Board did so again here (D&O 4 n.12).  As explained below, pp. 28-30, no party challenged the Board's decision to analyze Anheuser-Busch's motion using the *Bill Johnson's* framework, and thus that threshold issue is not before the Court.

precedent applying *Bill Johnson's*—instead there was "only the [motion to compel arbitration] itself."  (D&O 4.)

Although the Union and Brown contend that the Dispute Resolution Program is unlawful as applied to Brown because it was unilaterally imposed in violation of Section 8(a)(5) of the Act, they point to no cases where the illegal-objective exception was used to invalidate a court filing without a separate underlying act in violation of some federal law.  The line of cases referenced by the Union involving the Board's application of the illegal-objective exception to employers' motions to compel arbitration (Union Br. 19) is fully consistent with the Board's analysis in the present case.  Indeed, the Board here explained that in those cases it "relied on the same principle."  (D&O 4 n.14.)  Those cases were predicated on the Board's then-controlling precedent—since overruled by the Supreme Court—which held that mandatory arbitration policies requiring individual arbitration were facially unlawful under the Act.  *Murphy Oil USA*, 361 NLRB at 791-94, *overruled sub nom. Epic Sys.*, 138 S. Ct. at 1632; *e.g.*, *CPS Sec. (USA), Inc.*, 363 NLRB No. 86, 2015 WL 9460030, at *1 & n.3 (Dec. 24, 2015) (applying *Murphy Oil*).  As a result, the arbitration policies in those cases were independently unlawful *separate from* any court filing, and thus the underlying-act requirement was satisfied.  Similarly, as the Board explained in the present case (D&O 5 n.16), in *Elevator Constructors* the respondent-union had

adopted an interpretation of an ambiguous contract provision that rendered it

unlawful *prior* to and independent of any court filing.  289 NLRB at 1095.

Here, there is no contention that Anheuser-Busch's arbitration policy is

facially unlawful.  (D&O 4.)  Rather, the sole contention before the Board was that

Anheuser-Busch violated the Act *by filing* its motion to compel arbitration against

Brown, thereby effectuating an unlawful unilateral change.  (App. Vol. I tab 2 p.

13.)[9]  As the Board found, no party has identified prior Board or court precedent

finding the narrow illegal-objective exception satisfied in an analogous situation,

or otherwise undermining the Board's determination that finding the motion here

unlawful would unduly infringe on Anheuser-Busch's constitutional right to

petition.  (D&O 4.)

As the Board further observed, a contrary interpretation of the illegal-

objective exception "would swallow the rule of *Bill Johnson's* and turn the Petition

Clause of the First Amendment into an empty promise."  (D&O 5.)  The Board

noted that if the inquiry were whether "the litigation act itself" constitutes an unfair

labor practice, then it would seemingly no longer matter "that the lawsuit or

_____

[9]  Brown's separate contention that Anheuser-Busch engaged in unlawful direct
dealing by requiring him to sign the application form in June 2004 without the
involvement of the Union (Brown Br. 14, 18-19, 23-24) was not alleged in the
unfair-labor-practice complaint or otherwise raised to the Board below.  (D&O 2
n.4; App. Vol. I tab 2 p. 13.)

motion was reasonably based, and it would not matter that the lawsuit or motion was not impermissibly motivated."  (D&O 5.)

For the foregoing reasons, the Board determined that the *Bill Johnson's* illegal-objective exception is *not* implicated by Anheuser-Busch's motion to compel arbitration.  (D&O 5.)  The Board further emphasized that no party had argued that either the *Bill Johnson's* baseless-and-retaliatory exception or the preemption exception was implicated here.  (D&O 4 n.13, 5-6.)  The Board went on to explain why the motion to compel arbitration is neither baseless nor retaliatory (D&O 4-5) but, as explained below, pp. 30-31, the Court need not reach the merits of that issue and in fact lacks jurisdiction to do so.  Thus, given that the motion to compel arbitration does not fall within any of the exceptions outlined by the Supreme Court in *Bill Johnson's*, the Board appropriately concluded that the unfair-labor-practice complaint must be dismissed.

### C.    The Remaining Arguments Raised by the Union and Brown Are Jurisdictionally Barred by Section 10(e) of the Act

The Court lacks jurisdiction to entertain any of the remaining arguments raised by the Union and Brown in their opening briefs, because those arguments were never presented to the Board.  Section 10(e) of the Act holds that "[n]o objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."  § 29 U.S.C. § 160(e).  Section 10(e) functions as

a jurisdictional bar, and the Court is precluded from addressing arguments not

properly raised to the Board in the first instance.  *NLRB v. Goya Foods of Fla.*,

525 F.3d 1117, 1126 n.13 (11th Cir. 2008); *Purolator Armored, Inc. v. NLRB*,

764 F.2d 1423, 1431-33 (11th Cir. 1985).  As the Supreme Court has explained,

"orderly procedure and good administration require that objections to the

proceedings of an administrative agency be made while it has opportunity for

correction in order to raise issues reviewable by the courts."  *United States v. L.A.*

*Tucker Truck Lines, Inc.*, 344 U.S. 33, 36-37 (1952).

Section 10(e) applies with equal force when a party initially prevailed before

the administrative law judge but then failed to raise a particular argument in

response to exceptions filed with the Board by the other side.  *Detroit Edison Co.*

*v. NLRB*, 440 U.S. 301, 311 n.10 (1979).  Even when the Board addresses an issue

*sua sponte*, a party is required to file a post-decisional motion for reconsideration

with the Board in order to preserve an argument for judicial review.  *Woelke &*

*Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665-66 (1982); *Int'l Ladies'*

*Garment Workers' Union, Upper S. Dep't v. Quality Mfg. Co.*, 420 U.S. 276, 281

n.3 (1975); *Purolator Armored*, 764 F.2d at 1433.  It is not enough to rely on the

Board's own discussion of the issue or its response to a dissenting Board member,

because Section 10(e) is meant to bar judicial review of any argument that an

objecting party "[has] not *presented* to the Board, even where the Board has

26

discussed and decided the issue." *HealthBridge Mgmt. v. NLRB*, 798 F.3d 1059, 1069 (D.C. Cir. 2015) (emphasis in original); *accord Quality Health Servs. of P.R., Inc. v. NLRB*, 873 F.3d 375, 382 (1st Cir. 2017); *see Oldwick Materials, Inc. v. NLRB*, 732 F.2d 339, 343 (3d Cir. 1984) (noting a party's "statutory obligation under [Section 10(e)] to . . . present[] and preserv[e] its argument to the Board").

The jurisdictional bar in Section 10(e) is no less binding when a party belatedly raises arguments regarding constitutional issues. *Qualify Mfg.*, 420 U.S. at 281 n.3 (applying Section 10(e) to bar newly raised due-process claims); *NLRB v. Contemporary Cars, Inc.*, 667 F.3d 1364, 1368 (11th Cir. 2012) (same). Indeed, the Supreme Court has specifically recognized the applicability of Section 10(e) to arguments regarding the First Amendment right to petition, in a case involving the intervening change in law effectuated by *Bill Johnson's* itself. *Sure-Tan*, 467 U.S. at 896 n.7 (applying Section 10(e) to First Amendment argument, but finding extraordinary circumstance excusing failure to raise it based on intervening change in law); *cf. NLRB v. Episcopal Cmty. of St. Petersburg*, 726 F.2d 1537, 1542-43 (11th Cir. 1984) (holding First Amendment argument not properly before the Court because employer had failed to raise it at appropriate stage of Board proceedings).

Despite Brown's inapposite acknowledgement of Section 10(e) in his brief (Brown Br. 26), neither Brown nor the Union has attempted to argue that their newly raised objections are justified by the "extraordinary circumstances"

27

exception to Section 10(e), 29 U.S.C. § 160(e).  Accordingly, both parties have

waived any such contention and should not be permitted to raise it in their reply

briefs.  *SCL Basilisk AG v. Agribusiness United Savannah Logistics, LLC*,

875 F.3d 609, 615 n.17 (11th Cir. 2017) (holding that arguments not raised in a

party's opening brief are deemed waived).  In any event, no extraordinary

circumstances are present.  There has been no intervening change in law, or other

development excusing the parties' failure to raise their arguments to the Board in a

timely manner.  Nor do the parties' belated objections fit within the narrow futility

exception recognized by this Court.  *Contemporary Cars*, 667 F.3d at 1369-70.[10]

In order for a claim of futility to rise to the level of an extraordinary circumstance,

a party must show that its arguments were "foreclosed" by binding precedent "at

the time the omitted objection could have been filed with the Board."  *Id.* at 1369.

Here, however, the Board itself observed that the issue presented was "somewhat

unusual" and that the Board had not previously addressed the applicability of the

*Bill Johnson's* framework to a Section 8(a)(5) unilateral-change allegation.  (D&O

4 n.15.)  It is immaterial that the Board subsequently took a position on some of

---

[10]  *But see L.A. Tucker*, 344 U.S. at 69 (holding that party was required to raise
objection at administrative level regardless of whether there was a "predetermined
policy" dictating outcome, because "[r]epetition of the objection . . . might lead to
a change of policy" or at least put the agency on notice of risk of appeal).

the issues raised by the parties for the first time on review, as the Board did so without the benefit of the arguments the parties are raising to the Court.

In the present case, neither the Union nor Brown raised any arguments regarding the First Amendment issue at any stage of the Board proceedings, despite having numerous opportunities to do so.  The Board's regulations permit any party opposing another party's exceptions to file an answering brief with the Board.  29 C.F.R. § 102.46(b), (d).  Parties are also entitled to file cross-exceptions to the administrative law judge's decision, in which the parties here could have argued, for example, that the judge failed to address the constitutional issue in their favor.  29 C.F.R. § 102.46(c).  After the Board issues its decision and order, any party may file a motion for reconsideration or rehearing.  29 C.F.R. § 102.48(c).  The sole argument presented to the Board in response to Anheuser-Busch's invocation of its First Amendment right to petition was the passing contention of the Board's General Counsel that Anheuser-Busch's motion to compel arbitration fell within the *Bill Johnson's* illegal-objective exception.  (App. Vol. I tab 10 p. 136.)  Accordingly, the additional arguments raised by the Union and Brown for the first time in their briefs to the Court are barred.

First, Brown's threshold arguments that the traditional *Bill Johnson's* framework should not apply to Section 8(a)(5) unilateral-change allegations (Brown Br. 23-25), and that "no Petition Clause activity [would be] impacted by

[an unfair-labor-practice] order" in this case (Br. 14-18), are not properly before the Court.  No party raised such arguments to the Board at any stage of the proceedings below.  As noted, the Board's General Counsel implicitly conceded that the traditional *Bill Johnson's* framework was applicable by arguing that the *Bill Johnson's* illegal-objective exception applied here.  Thus, with no party arguing otherwise, the Board found that the *Bill Johnson's* framework was the appropriate means for analyzing the constitutional implications of the unfair-labor-practice allegation regarding Anheuser-Busch's motion to compel arbitration, including by reference to the established illegal-objective and baseless-and-retaliatory exceptions.  (D&O 4 n.12, 4 n.15.)

    In any event, the Board reasonably found that a Section 8(a)(5) unilateral-change allegation "implicates [an employer's] First Amendment right to petition in the same way that [a Section 8(a)(1) retaliation] allegation would," and that it is "proper to apply the same *Bill Johnson's* analysis."  (D&O 4 n.15.)  Moreover, the Board's caselaw "offer[s] no other relevant analytical framework," and no party presented the Board with an alternative mechanism for balancing the unfair-labor-practice issue and the First Amendment issue.  (D&O 4 n.15.)  Brown's further suggestion that the *Bill Johnson's* framework is limited to Board orders that seek to enjoin ongoing litigation activity (Br. 15-16) is contrary to the Supreme Court's later clarification that a Board adjudication merely labeling a party's litigation

activity unlawful would also interfere with that party's First Amendment rights. *See BE & K Constr.*, 536 U.S. at 529-30 (holding that "the resulting finding of illegality is a burden by itself," in case primarily focused on completed litigation).

Second, the Court lacks jurisdiction to reach the parties' newly raised arguments that Anheuser-Busch's actions fell within the "baseless and retaliatory" exception set forth in *Bill Johnson's*. (Union Br. 17-19, Brown Br. 23-25.) As the Board emphasized, no party in the unfair-labor-practice proceeding argued that either prong of that exception was met, let alone both. (D&O 5-7.) The Board's General Counsel exclusively argued that Anheuser-Busch's motion fell within the illegal-objective exception, while the Union and Brown made no *Bill Johnson's* arguments whatsoever. Thus, although the Board proceeded to perform the baseless-and-retaliatory analysis "[i]n the interest of completeness and clarity" (D&O 5-6), the Court does not need to, and indeed does not have jurisdiction to, address the merits of the Board's baseless-and-retaliatory analysis in order to affirm the Board's dismissal of the unfair-labor-practice complaint. *See Goya Foods*, 525 F.3d at 1126 n.13.

In any event, the Board reasonably concluded—without passing on the merits of Anheuser-Busch's motion to compel arbitration—that the motion was not "frivolous," in part because at the time it was filed "many aspects of the law regarding the enforcement of arbitration agreements . . . were then, and still are,

unresolved." (D&O 5-6.) The Board will only find that a party's court filing was objectively baseless if "no reasonable litigant could realistically expect success on the merits." *BE & K Constr. Co.*, 351 NLRB 451, 457 (2007) (quoting *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)). While Brown may very well have a strong argument before the district court that the Dispute Resolution Program is inapplicable to him by its own terms, the Board did not commit reversible error by concluding that the motion was non-frivolous. Meanwhile, there is no evidence of retaliatory motive as required under *Bill Johnson's*. The Union's contention that "[o]bvious lack of merit" can be used to infer such a motive (Union Br. 18-19) fails for the reasons just discussed.

Finally, Brown's argument that Anheuser-Busch procedurally waived its First Amendment defense by failing to raise it before the administrative law judge (Brown Br. 25-27) is also jurisdictionally barred. Brown did not argue to the Board in his answering brief to Anheuser-Busch's exceptions that Anheuser-Busch had waived the issue. Nor did Brown file a motion for reconsideration after the Board issued a Decision and Order entirely premised on the constitutional issue.

In any event, the Board is not prohibited from considering legal issues— particularly constitutional limitations on its authority to address unfair-labor-practice allegations—either *sua sponte* or based on arguments raised by a party for the first time in exceptions to the administrative law judge's decision. *See Boeing*

*Co.*, 365 NLRB No. 154, 2017 WL 6403495, at *24 (Dec. 14, 2017) (explaining that the Board "is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law"). Indeed, in certain circumstances the Board may even affirmatively find unfair labor practices based on theories that were not argued by the parties. *See, e.g.*, *NLRB v. WTVJ, Inc.*, 268 F.2d 346, 348 (5th Cir. 1959) ("Even absent an exception, the Board is not compelled to act as a mere rubber stamp for [the administrative law judge].");[11] *Local 58, Int'l Bhd. of Elec. Workers*, 365 NLRB No. 30, 2017 WL 680502, at *5 n.17 (Feb. 10, 2017) (finding violation based on legal theory not pursued by the Board's General Counsel), *enforced*, 888 F.3d 1313 (D.C. Cir. 2018). For the same reason, it is immaterial that Anheuser-Busch's exceptions were nominally limited to challenging the remedial scope of the judge's recommended order. (Brown Br. 25-26.)

*        *        *

As the Board made clear, it has expressed "no views regarding the merits of the arguments" advanced by Anheuser-Busch in its motion to compel arbitration (D&O 2-3 nn.8-9), which apparently remains pending before the district court. The narrow issue before this Court is simply whether the Board appropriately

---

[11]  This Court recognizes decisions of the U.S. Court of Appeals for the Fifth Circuit issued prior to October 1, 1981, as circuit precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

dismissed the unfair-labor-practice complaint alleging a violation of the Act—and, in particular, whether the Board reasonably concluded that the *Bill Johnson's* illegal-objective exception does not apply here. The Court should affirm the Board's dismissal so that the relevant parties may resume litigating Anheuser-Busch's motion before the U.S. District Court for the Middle District of Florida.[12]

---

[12] Contrary to Brown (Brown Br. 27-28), in the event that the Court finds fault with the Board's analysis of the constitutional issue, the appropriate remedy would be for the Court to remand the case to the Board for it to address the substance of the statutory unfair-labor-practice issue in the first instance. *Cf. SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (explaining that "an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency"). The Board did not reach the merits of the administrative law judge's analysis of the statutory question, and thus the Court should disregard arguments raised by the Union, Brown, or Anheuser-Busch regarding that issue.

# CONCLUSION

For the foregoing reasons, the Board requests that the Court enter a

judgment denying the Union's petition for review of the Board's Order.


Respectfully submitted,

/s/ Kira Dellinger Vol
KIRA DELLINGER VOL
*Supervisory Attorney*

/s/ Eric Weitz
ERIC WEITZ
*Attorney*
*National Labor Relations Board*
1015 Half Street SE
Washington, DC 20570
(202) 273-0656
(202) 273-3757

PETER B. ROBB
    *General Counsel*

ALICE B. STOCK
    *Deputy General Counsel*

DAVID HABENSTREIT
    *Acting Deputy Associate*
    *General Counsel*

National Labor Relations Board
December 2019

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

INTERNATIONAL BROTHERHOOD        )
OF TEAMSTERS, LOCAL 947          )
           Petitioner        )        No.    19-12745
    and                          )
                               )
MATTHEW C. BROWN                 )        Board Case No.
           Intervenor        )        12-CA-094114
    v.                           )
                               )
NATIONAL LABOR RELATIONS BOARD   )
           Respondent        )
    and                          )
                               )
ANHEUSER-BUSCH BREWING           )
PROPERTIES, LLC                  )
           Intervenor        )

### CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the Board certifies that its brief contains 7,937 words of proportionally-spaced, 14-point type, and that the word processor used was Microsoft Word 2016. The Board further certifies that the PDF file submitted to the Court has been scanned for viruses using Symantec Endpoint Protection version 12.1.6 and is virus-free according to that program.

Respectfully submitted,
/s/ David Habenstreit
David Habenstreit
Acting Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.
this 20th day of December, 2019

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 947 | ) ) | |
| Petitioner | ) | No.   19-12745 |
| and | ) | |
| | ) | |
| MATTHEW C. BROWN | ) | Board Case No. |
| Intervenor | ) | 12-CA-094114 |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| Respondent | ) | |
| and | ) | |
| | ) | |
| ANHEUSER-BUSCH BREWING PROPERTIES, LLC | ) ) | |
| Intervenor | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.  I further certify that the foregoing document will be served via the CM/ECF system on all parties or their counsel of record.

Respectfully submitted,
/s/ David Habenstreit
David Habenstreit
Acting Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.
 this 20th day of December, 2019