Case No. 19-12745-GG

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 947
Petitioner
And

MATTHEW C. BROWN
Intervenor

v.

NATIONAL LABOR RELATIONS BOARD
Respondent

And

ANHEUSER-BUSCH BREWING PROPERTIES, LLC
Intervenor

---

Petition for Review of a Decision of the
National Labor Relations Board

---

# PETITIONER'S REPLY BRIEF

---

Richard Siwica, Esq.
FL Bar No. 377341
EGAN, LEV, LINDSTROM
& SIWICA, P.A
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
E-mail: rsiwica@eganlev.com

## PETITIONER'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Petitioner, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 947, through undersigned counsel, pursuant to 11th Cir. R. 26.1-1(a), discloses the following persons Petitioner believes to have an interest in the outcome of this appeal:

1. Altria Group, Inc. (NYSE: MO) (Shareholder in Anheuser-Busch InBev S.A./N.V.)

2. Anheuser-Busch, LLC (Parent of Anheuser-Busch Brewing Properties, LLC)

3. Anheuser-Busch Brewing Properties, LLC (Employer of Charging Party)

4. Anheuser-Busch InBev S.A./N.V. (NYSE: BUD and OTC: BUDFF) (Parent of Anheuser-Busch, LLC)

5. Brown, Matthew (Charging Party)

6. The Honorable William Nelson Cates (Administrative Law Judge)

7. Cohen, David (Regional Director, National Labor Relations Board ("NLRB"), Region 12)

8. Egan, Joseph (Attorney for Union)

9. Emanuel, William (Member, NLRB)

10. Habenstreit, David (Attorney for NLRB Appellate Branch)

11. International Brotherhood of Teamsters, Local 947 ("Local 947")

12. International Brotherhood of Teamsters, Brewery, and Soft Drink Workers Conference ("Union")

13. Klink, Jeffrey (Attorney for Charging Party)

14. Lev, Tobe (Attorney for Union)

15. Maldonado, Marinelly (Attorney for NLRB in Board proceedings)

16. Margulies, Richard N. (Attorney for Employer in Brown's federal suit)

17. McFerran, Lauren (Member, NLRB)

18. Ring, John (Chair, NLRB)

19. Robb, Peter (General Counsel for NLRB)

20. Schudroff, Daniel D. (Attorney for Anheuser-Busch, LLC)

21. Siwica, Richard (Attorney for Union)

22. Smith, Thomas Royall (Attorney for Employer in Board proceedings)

23. Spitz, Jonathan J. (Attorney for Anheuser-Busch, LLC)

24. Vol, Kira Dellinger (Attorney for NLRB Appellate Branch)

25. Weitz, Eric (Attorney for NLRB Appellate Branch)

26. White, Tyler (Attorney for Employer in Brown's federal suit)

27. Wolfmeyer, Nicholas (Attorney for Union)

        Respectfully submitted by:

        */s/ Richard Siwica*
        Richard Siwica, Esq.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .................................................... i, ii

TABLE OF CONTENTS ........................................................................ iii

TABLE OF CITATIONS ........................................................................ iv

SUMMARY OF THE ARGUMENT ........................................................1

ARGUMENT AND CITATIONS OF AUTHORITY ..........................................3

I. THE BOARD MISINTERPRETED AND IGNORED THE PLAIN LANGUAGE OF THE ILLEGAL OBJECTIVE EXCEPTION IN BILL JOHNSON'S RESTAURANTS WHICH PROVIDES ANHEUSER-BUSCH'S MOTION TO COMPEL NO FIRST AMENDMENT PROTECTION ........................... 3

II. THE BOARD MISAPPLIED BILL JOHNSON'S BY ADDING ADDITIONAL REQUIREMENTS THAT WERE INCONSISTENT WITH THE BOARD'S OWN PRECEDENT AND WITHOUT ENGAGING IN REASONED DECISION-MAKING ...................................................... 5

CONCLUSION ........................................................................................12

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS......... 13

CERTIFICATE OF SERVICE ..........................................................................13

**TABLE OF CITATIONS**

*Allentown Mack Sales and Serv., Inc. v. NLRB*,
522 U.S. 359, 374 (1998) .......... 11

*Bill Johnson's Restaurant's. v. NLRB*,
461 U.S. 731 (1983).......... passim

*Boire, for & on Behalf of N.L.R.B. v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. & Its Affiliated Local Union 79*, 72-564-CIV, 1972 WL 926, at *1 (M.D. Fla. Oct. 17, 1972) .......... 10

*Boire v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*,
479 F.2d 778, 781 (5th Cir. 1973) .......... 8, 9, 10

*Bonner v. City of Prichard*,
661 F.2d 1206, 1209 (11th Cir.1981) .......... 10

*Elevator Constructors (Long Elevators)*,
289 NLRB 1095 (1988) enfd. 902 F. 2d 1297 (8th Cir. 1990).......... 10, 11

*International Longshoremen's and Warehousemen's Union, Local 32 v. Pacific Maritime Ass'n*,
773 F.2d 1012, 1015 (9th Cir.1985) .......... 8

*Local 32B-32J, Serv. Employees Intern. Union, AFL-CIO v. N.L.R.B.*, 68 F.3d 490, 494 (D.C. Cir. 1995).......... 8

*Local Union No. 25, Int'l Bhd. of Teamsters v. NLRB*,
831 F.2d 1149, 1154 (1st Cir.1987) .......... 8

*Regional Construction Corp.*,
333 NLRB 313 (2001) .......... 6,7

*Truck Drivers, Union Local 705 v. NLRB*,
820 F.2d 448, 452–53 (D.C.Cir.1987).......... 8

**OTHER AUTHORITIES**

29 U.S.C. § 151(8)(b)(1)(a) ........................................................................... 9

29 U.S.C.§ 151(8)(b)(3)............................................................................... 9

29 U.S.C.§ 160(10)(j) ............................................................................... 10

## SUMMARY OF THE ARGUMENT

While the issues in this case are narrow at this stage, the National Labor Relations Board's (the "Board") Decision & Order ("D&O") reported at 367 NLRB No. 132.[1] has wide ranging implications. (App. Vol. II. tab 22 pp. 10-25.) The D&O opens the floodgates for any employer that has both represented and unrepresented employees to impose through a Motion to Compel, an arbitration policy that conflicts with a collective bargaining agreement, on all of those employees (including bargaining unit employees) without having to provide a union notice or the statutory right to bargain. (D&O 9-10; App. Vol. II. tab 22 pp. 18-19). In effect, the Board has stated that it is powerless – indeed Constitutionally precluded - to stop such actions even though it has broad statutory powers to enforce what would be normally routine violations of the National Labor Relations Act ("NLRA" or the "Act"). (Board's Br. 10-11, 15, 17). In doing so, it misinterprets the unanimous

[1] Record references are to the volume number, tab number, and electronic filing page number of the two-volume appendix filed by the Union (App. Vol. I-II), and the supplemental appendix filed by the Board (Supp. App.). For clarity and consistency, the Union hereinafter refers to the May 22, 2019 Decision and Order under review (App. Vol. II. tab 22 pp. 10-25) as "D&O" using the Board's own internal pagination (D&O 1-16). References preceding a semicolon are to the Board's findings; those following are to the supporting evidence. "Board's Br." refers to the respondent NLRB's answer brief to the Court. "Brown Br." refers to intervenor Matthew C. Brown's brief to the Court. "A-B Br." Refers to intervenor Anheuser-Busch's brief to the Court.

Supreme Court ruling *Bill Johnson's Restaurant's*. *Bill Johnson's Restaurant's. v. NLRB*, 461 U.S. 731 (1983).

In its D&O, the Board stated that Anheuser-Busch's actions did not fit within the exception in footnote 5 of *Bill Johnson's* that explicitly permits the Board to enjoin suits with an objective that is illegal under federal law even though the National Labor Relations Act makes it unlawful to unilaterally implement grievance procedures and apply them to statutory bargaining employees without first providing the union notice and an opportunity to bargain. (App. Vol. II. tab 22 pp. 10-25.) This Court owes no deference to the illogical reasoning of the Board's reading of *Bill Johnson's* that itself is inconsistent with the Board's own precedent. See e.g. *Venetian Casino Resort, L.L.C. v. NLRB*, 793 F.3d 85, 89 (DC. Cir. 2015); *NLRB v. U.S. Postal Serv.*, 660 F.3d 65, 68-69 (1st Cir. 2011).

In its Answer Brief, the Board attempts to distinguish this case on the unique circumstances in which the charge was filed with the Board whereby the employee's personal counsel filed the charge on behalf of the employee after the Motion to Compel Arbitration was filed in federal court. (Board's Brief 10-11). The Board then attempts to rationalize the its dismissal of the Complaint in the D&O – on Constitutional grounds – based on the arbitrary imposition of additional requirements to the framework of footnote 5 of *Bill Johnson's Restaurants*. Specifically, the Board insisted that Anheuser-Busch's actions did not fit in the

illegal objection exception because the arbitration policy was not unlawful on its face and there was no "underlying unlawful act." (D&O 4-5; App. Vol. II. tab 22 pp. 13-24.). Neither of these arguments demonstrate logical analysis and both arbitrarily add requirements not present in Supreme Court jurisprudence. Further, the majority of the Board failed to adequately explain how its decision squares with its own past interpretations of its authority under *Bill Johnson's* illegal objective exception.

It has now been nearly seven years since this charge was filed. This case should be remanded to the Board with instructions to decide the case on the merits.

## ARGUMENT AND CITATIONS OF AUTHORITY

### I. The Board Misinterpreted and Ignored the Plain Language of the Illegal Objective Exception in *Bill Johnson's Restaurant's* which Provides Anheuser-Busch's Motion to Compel No First Amendment Protection.

There are little if any dispute about the facts of the case, and the Union agrees with the Board that other arguments are not properly before the Court at this time.[2] The Union agrees with the Board that this Petition for Review turns on the Board's interpretation of the illegal objective component of footnote 5 of *Bill Johnson's Restaurant's*.

[2] See e.g. (Brown's Br. 23-25) (arguing Motion to Compel was baseless and Anheuser-Busch's waiver of defense); (A-B. Br. 24-39) (arguing Brown was not a statutory bargaining unit employee).

A unanimous U.S. Supreme Court held in *Bill Johnson's* that the Board could not enjoin a state-court lawsuit unless it was both baseless and retaliatory because of the employer's rights under the Petition Clause of the First Amendment. *Bill Johnson's Restaurant's. v. NLRB*, 461 U.S. 731 (1983). In doing so, it overturned the Board's prior decision allowing it to enjoin such lawsuits if they were based on retaliation alone. *Id*. However, in footnote five, the Court distinguished its holding from other circumstances in which the Board could enjoin lawsuits without implicating a person's rights to petition the government for redress of grievances. *Id*. at 737, fn 5.

Footnote five reads as follows:

> It should be kept in mind that what is involved here is an employer's lawsuit that the federal law would not bar except for its allegedly retaliatory motivation. We are not dealing with a suit that is claimed to be beyond the jurisdiction of the state courts because of federal-law pre-emption, or a suit that has an objective that is illegal under federal law.

*Id*. (underscoring supplied).

Remarkably, the Board claims that it is precluded from deciding this case on the merits because it fails to see how the allegations that Anheuser-Busch's application of a new arbitration policy to a statutory bargaining unit employee without bargaining with the Union (which would violate the National Labor Relations Act) fits into the *Bill Johnson's* exception that allows the Board to enjoin a lawsuit that has an objective that is illegal under federal law.

The plain language of footnote five exempts the Board from the Constitutional constraints on its ability to enjoin a party's court action if it that party has an objective that is illegal under federal law. *Id*. As Member McFerran points out in her dissent of this case, it is "black-letter law that an employer may not impose a new term and condition of employment on a bargaining unit employee--particularly a term contrary to an existing collective-bargaining agreement--without first bargaining with the employee's union." (D&O 6-7; App. Vol. II. tab 22 pp. 15-16.) Further, the objective of Anheuser-Busch is memorialized in its Motion to Compel Arbitration where it asked that court for an order "compelling Brown to arbitrate his race discrimination and retaliation claims under his Employment Application and the DRP." (Supp. App. Vol. I. tab 9 p. 78.) Therefore, Anheuser Busch's Motion to Compel Brown to arbitrate claims pursuant to an arbitration policy different from the one in the collective bargaining agreement was illegal under the National Labor Relations Act.

The Board had to go no further in its analysis of *Bill Johnson's* illegal objective exception in this case.

## II. The Board Misapplied *Bill Johnson's* By Adding Additional Requirements That Were Inconsistent with the Board's Own Precedent and Without Engaging in Reasoned Decision-Making.

The *Bill Johnson's* Court did not add use any language in footnote five requiring an "underlying act" that must be "facially unlawful." See *Id*. at 737, fn 5.

More importantly, *footnote five did not exempt the National Labor Relations Act* from those cases where a party had an "objective that is illegal under federal law." *Id*.

In the D&O and its Answer Brief, the Board repeated a phrase used by an administrative law judge in another case claiming that there must be some "underlying act" separate and apart from the objective of Anheuser-Busch when it filed its Motion to Compel Arbitration applying it to a statutory employee. It repeatedly stated that its reason for not finding an illegal objective in this case is that illegal objective exception in *Bill Johnson's* would "swallow the rule." (Board's Br. 18-22; D&O 4-5; App. Vol. II. tab 22 pp. 13-14.)

The Board stated:

> Our position is that the filing of the motion did not have an illegal objective within the meaning of the Supreme Court's Petition Clause jurisprudence because the DRP is lawful, and therefore the Respondent, by filing its motion, did not ask the court "to countenance an[] underlying act by the Respondent which would be a violation of some federal law." *Regional Construction Corp*., 333 NLRB at 320…. But it cannot be the case that the "illegal objective" exception applies without an underlying unlawful act. Otherwise, the "illegal objective" exception would apply whenever the litigation act itself--e.g., the filing of a lawsuit or, as here, of a defense motion--could be condemned as an unfair labor practice, absent the protection afforded by the Petition Clause. And if that were the case, it would not matter that the lawsuit or motion was reasonably based, and it would not matter that the lawsuit or motion was not impermissibly motivated. It could still be condemned as an unfair labor practice under the "illegal objective" exception, which, on this view, would swallow the rule of Bill Johnson's and turn the Petition Clause of the First Amendment into an empty promise.

(D&O 5; App. Vol. II. tab 22 p. 14.)

First, the "swallow the rule" language used in the D&O is derived from the ALJ's decision that the Board adopted without comment in *Regional Construction Corp*. *Regional Construction Corp.*, 333 NLRB 313 (2001). In *Regional Construction Corp.*, the ALJ commented on what he perceived to be a "number of cases dealing with issues arising out of *Bill Johnson's* situations." *Id* at 318. The ALJ stated, "I think it fair to assume, however, that the Court did not intend the *exceptions* to swallow up the general rule." *Id*. (emphasis supplied). A fair reading of that sentence would indicate that the ALJ believed that the Supreme Court could not have possibly meant that the Supreme Court intended for the Board to have the power to enjoin such a large number of unfair labor practice allegations when it prevented the Board from enjoining a state-court lawsuit because of alleged retaliation alone.

The ALJ continued:

> In order to fit within the exception of footnote 5 of Bill Johnson's, the motion to amend the previous court orders has to have involved a matter which is either preempted or which if granted would commit the court to countenance and underlying act by the Respondent which would be a violation of some federal law.

*Id*. at 320.

The Board, in both its D&O and in its Answer Brief, now recites the ALJ's reasoning as its own to support its argument that it is precluded from deciding this

case on its merits. However, nowhere in footnote five itself is any requirement or prerequisite for a court to have to commit to continuance or an underlying act that would violate federal law. Rather, in order for the Board to be able to order a lawsuit – or in this case, motion – enjoined under the illegal objective standard, the only requirement must be that the legal action has an *objective* that is illegal under federal law. (emphasis supplied). Indeed, the Board's own precedent supports the emphasis on the *objective* that must be illegal under federal law.

The Board has long held that a union's lawsuit, grievance, or arbitration seeking to enforce contracts or provisions of contracts that the Board deemed unlawful under the NLRA constituted unfair labor practices subject to the Board's broad remedial power to enjoin the grievance, arbitration, or lawsuit.[3]

In *Boire v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am*, the Teamsters Union took the position that 140 non-supervisory truck drivers in Florida should be accreted into a larger existing unit. *Boire v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 479 F.2d 778, 781 (5th

---

[3] See *Truck Drivers, Union Local 705 v. NLRB*, 820 F.2d 448, 452–53 (D.C.Cir.1987) (assuming applicability of *Bill Johnson's* to arbitration); *Local Union No. 25, Int'l Bhd. of Teamsters v. NLRB*, 831 F.2d 1149, 1154 (1st Cir.1987) (same); *Local 32B-32J, Serv. Employees Intern. Union, AFL-CIO v. N.L.R.B.*, 68 F.3d 490, 494 (D.C. Cir. 1995) (same). See also *International Longshoremen's and Warehousemen's Union, Local 32 v. Pacific Maritime Ass'n*, 773 F.2d 1012, 1015 (9th Cir.1985) (applying *Bill Johnson's* test to union's effort to enforce arbitral award), cert. denied, 476 U.S. 1158 (1986).

Cir. 1973). The union filed a grievance pursuant to an accretion clause in a collective bargaining agreement. *Id*. at 783. While awaiting the outcome of the grievance, the employer filed a UC Petition to clarify the bargaining unit and unfair labor practice charges alleging that the union's attempts to gain representation of the Florida workers constituted a violation of § 8(b)(1)(a) of the NLRA by seeking to enforce an invalid accretion clause and violations of § 8(b)(3) of the NLRA based on its bargaining obligations. *Id*. at 784. The Board's GC consolidated the charges and issued a Complaint against the union. *Id*. The arbitration panel then ruled in favor of the union's accretion of the truck drivers and the Board postponed the unfair labor practice hearing pending the outcome of the UC Petition hearing. *Id*.

In the meantime, the Board sought and received an injunction enjoining the union from: (1) insisting and demanding, or *in any manner or by any means, except by processes of the NLRB*, forcing or requiring the employer recognize and bargain with the union; (2) filing grievances, or in any manner invoking the arbitral machinery of the collective bargaining agreement and/or enforcing or attempting to enforce or giving any effect to any previous or future arbitration award where in either case an was to force the employer to recognize and bargain with the union; and (3) striking, picketing, or engaging in any work stoppage, or threatening to strike, picket or engage in any work stoppage, or inducing or encouraging any employee or individual to engage in any work stoppage at any terminal or facility of

the employer to force or require the employer to recognize and bargain with union. *Boire, for & on Behalf of N.L.R.B. v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. & Its Affiliated Local Union 79*, 72-564-CIV, 1972 WL 926, at *1 (M.D. Fla. Oct. 17, 1972).

This Circuit[4] upheld that injunction, stating in relevant part:

> The foundation of the unfair labor practice is the contention that a contractual accretion is, in this case, illegal. If the General Counsel ultimately prevails in the pending proceeding, the Teamsters' "bargain" would be invalid and unenforceable. Since the Board's legal theory is substantial and not frivolous, *we must at this time treat the bargain as one with an illegal objective*. Since the function of the § 10(j) injunction is to protect the Board's processes, *it would be improper to ignore the fact that the Teamsters' version of the "status quo" is potentially illegal*.

479 F.2d at 788. (emphasis supplied).

There was no discussion of an "underlying act" or requirement that the Teamsters Union's contract be deemed facially unlawful or violative of a separate federal law other than the NLRA. *Id*.

In the Board's D&O, the dissent cited *Elevator Constructors (Long Elevators)* for the proposition that the Board has held it to be an unfair labor practice file for a union to file a grievance based on an interpretation of a contract clause as construed (and not facially unlawful). *Elevator Constructors (Long Elevators)*, 289 NLRB

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1095 (1988) enfd. 902 F. 2d 1297 (8th Cir. 1990). As the dissent rightly points out, there was no separate underlying act that the Board now seems to require in order to decide this case on its merits nor a requirement that the contract be facially unlawful. (D&O 7; App. Vol. II. tab 22 p. 16 fn. 3.)

In response to the dissent, the Board's majority stated that while *Elevator Constructors* is on the outside edge of the Board's "illegal objective" precedent, when the union adopted an unlawful interpretation of the contract, "*the contract became the underlying unlawful act*." (D&O 5; App. Vol. II. tab 22 p. 14 fn. 16) (emphasis supplied). The Board's explanation that a contract clause in a collective bargaining agreement can itself become an "underlying unlawful act" - the lack of which purportedly precluded the Board from finding that Anheuser-Busch committed an unfair labor practice - is wholly irrational.

Further, the Board majority's statement that a contract clause can be an underlying unlawful act illuminates the fact that rather than examining Anheuser Busch's actions in context of the First Amendment it instead attempts to make a new policy requiring an underlying unlawful act in cases that involve Motions to Compel Arbitration without going through the necessary reasoned decision-making. See e.g. *Allentown Mack Sales and Serv., Inc. v. NLRB*, 522 U.S. 359, 374 (1998).

## **CONCLUSION**

The Board's Order dismissing the unfair labor practice complaint should be reversed and remanded based on its misapplication of *Bill Johnson's* and its progeny. In the alternative, the Board should explain its inconsistent and arbitrary application of its new additional requirements to the finding of an illegal objective.

Respectfully submitted by:

*/s/ Richard Siwica*
Richard P. Siwica, Esq.
FL Bar No. 377341
EGAN, LEV, LINDSTROM
& SIWICA, P.A
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
E-mail: rsiwica@eganlev.com

*Attorney for Petitioner*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 2,916 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Richard Siwica*
Richard P. Siwica, Esq.

**CERTIFCATE OF SERVICE**

Undersigned counsel certifies that on January 24, 2020, this document was filed electronically with the Clerk of Court using the Court's ECF system, which will send electronic notice to all counsel of record, including those for the intervenors.

*/s/ Richard Siwica*
Richard P. Siwica Esq.